CASE 11.—ACTION BY E. B. ANDERSON AGAINST C. J. MORE-
HEAD'S TRUSTEE AND OTHERS TO RECOVER A
FEE FOR LEGAL SERVICES RENDERED.—March 13.

# Morehead's Trustee, &c.. v. Anderson

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiff.   Defendants appeal.   Affirmed.

1.  Pleading—Bill of Particulars—Sufficiency.—In an action for
legal services, an account filed with the petition showing in
detail all expense incurred, and a general charge of a named
amount for services in preparing abstracts and perfecting
the title to 3,800 acres of land known as the "Morehead
coal property," Muhlenburg county, and advising and consult-
ing thereto, was a sufficient bill of particulars.
2.  Same—Pleading Matters of Evidence.—Where, in an action for
legal services, the only question was whether or not the fee
charged by the attorney was reasonable, what he charged on
other occasions, for similar work done for defendant was
purely evidential, and not proper to be set up in the answer.
3.  Attorney and Client—Action for Compensation—Admissibility
of Evidence.—In an action for legal services in preparing
abstracts of title to land, where a purchase of the land was
made on the faith of these abstracts, the price received was
properly considered as a circumstance showing what would
be a reasonable fee for the services rendered.
4.  Evidence—Examination of Expert Witnesses—Hypothetical
Question.—In an action for legal services a hypothetical
question based on the evidence of plaintiff, detailing the
services rendered, the time expended, the character and value
of the property involved, the responsibility incurred, and
every fact connected directly with the services rendered, was
not misleading.
5.  Same—Subjects of Expert Testimony—Value of Services.—In

an action for legal services, the testimony of lawyers qualified by experience and knowledge of the law to testify as expert witnesses is admissible to aid the jury in determining what would be a reasonable fee for the services performed.

6. Trial—Instructions—Personal Knowledge of Jurors.—In an action for legal services, the court properly refused to instruct that, in determining the value of the services, they were not confined to the evidence, but might rely upon their own judgment as to their value.

7. Appeal—Review—Harmless Error—Instructions.—Where the amount of a charge in an action for legal services was denied in the answer, but its correctness and the fact that it was to be paid by defendant were admitted in the testimony, it was not prejudicial error to instruct the jury to find for plaintiff the amount of this charge.

8. Attorney and Client—Action for Compensation—Value of Services—Instructions.—In an action for legal services, the court properly instructed that the jury should take into consideration all of the evidence heard by them, and find for the plaintiff such a sum as would reasonably compensate him for the services performed, not exceeding in all the amount claimed in the petition.

9. Same—Liability of Attorney—Skill and Care Required.—In an action for legal services, the court properly instructed that the attorney was liable to his client for failure to exercise ordinary skill, care, and diligence, and that the jury might consider this liability in determining the value of the services rendered.

10. Appeal—Review—Harmless Error.—Where a deposition contained no evidence that could benefit defendant, it was not prejudicial error to refuse to allow defendant's attorney to read it to the jury.

11. Trial—Order of Proof—Discretion of Court.—Where a party, after completing his evidence in chief, offered to read on rebuttal a deposition taken by the adverse party the court did not abuse its discretion in refusing to permit this to be done.

12. Attorney and Client—Compensation—Value of Services.— Plaintiff sued for legal services in preparing 35 separate abstracts and perfecting the title to 3,800 acres of land which sold for nearly $200,000. He was engaged about five months in the work, and it was not denied that he was particularly well qualified to perform the same. Held, that a verdict for $3,000 was not excessive.

Morehead's Trustee, &c., v. Anderson.

J. A. DEAN, LITTLE & SLACK, attorneys for appellant.

## POINTS CONTENDED FOR.

### FIRST.

In this action instituted by appellee, to recover for services rendered in making thirty-five abstracts of title for appellant, the lower court should have required him to file a bill of particulars, specifying the services rendered in making each separate abstract, and his separate charge therefor, as the services were separate and different in each particular case.

### SECOND.

The contract, in this case, was verbal, and appellant pleaded, in its answer, that at the time the contract was made appellee, when asked to state what charge he would make for services to be rendered, said he could not then state, but referred appellant to the fact that he had performed other similar services for it, and cited the fees that he had charged for such other services. The lower court, on motion of appellee, erroneously ordered that portion of the answer stricken out.

### THIRD.

Appellant denied having employed appellee to make the abstracts, and alleged he was only employed to assist in the completion of the abstracts, which had been made for it by other attorneys. On the trial appellant offered to read in evidence a letter from appellee to this effect, but the court erroneously refused to permit it.

### FOURTH.

1. The court erroneously permitted appellee to prove the value of the land, as the jury had no right to take such matter into consideration, in estimating the value of appellee's services, particularly as the abstract was made for the vendor. (McGrew's Ex'or v. O'Donnell, 28 Ky. Law Rep., 1366.)

2. The evidence shows that appellant gave J. W. McCullough an option on the land at $113,956.50, agreeing to convey to him, or whoever he might designate. The court ruled that the question is, what was the whole consideration for this transaction? This

was error. If any value should be considered it should be the value received by appellant.

3. There was no competent evidence showing the price paid by the Brown-Lam Coal Company for the land.

4. The expert witnesses were allowed to base their opinion as to the value of the services upon the assumption that the land sold to the Brown-Lam Coal Co., for $189,000. This was error.

5. It was error to permit the expert witnesses to base their opinion as to the value of the services, upon the assumption that appellee had given appellant a certificate to the effect that it had good record title to 3,500 acres, and possessory title to 200 acres. The alleged certificate, of date October 13, 1905, was not signed by appellee.

6. It was error to permit the expert witnesses to base their estimate of value of services upon the assumption that appellee had been constantly engaged in the work from July 9th until December 4, 1905, as the evidence was not sufficient to sustain that assumption.

7. It was not proper to permit those witnesses to take into consideration the fact, as assumed in the question, that appellee had abandoned his other practice during that period.

8. It was not competent to permit appellee to prove that he had other important business that needed his attention during that period, which he abandoned, as that could not affect the value of his services to his employer. (Tobin v. South's Adm'r, 16 Ky. Law Rep., 96.)

9. It was not proper to permit the witnesses for appellee to take into consideration the assumed fact that the consummation of the sale depended upon appellee perfecting the title, and there was nothing in the record indicating that its consummation depended upon him.

10. It was not competent to permit such witnesses to consider "the responsibility that he assumed in making these certificates."

11. It was improper to permit appellee to state to the jury the responsibility, upon his part, in making the abstracts. His responsibility, if any, was a question of law for the court.

12. It was error to permit the reading of the bond executed by appellant to the Brown-Lam Coal Company, as the execution of that bond could not effect the value of his services.

13. The evidence of the witnesses, who testified in behalf of appellee, as to the value of his services, was not competent, because they knew nothing as to the actual service rendered, or the nature of the services to be performed, or the usual charges for such service.

Morehead's Trustee, &c., v. Anderson.

## FIFTH.

1.   The court improperly permitted appellee to testify as to what was said to him by others, and the matter so testified to was irrelevant.

2.   It is improper to admit evidence indicating that the officers if the trust company were speculating upon the property of their wards.

3.   The court improperly admitted in evidence numerous unsigned letters written in Col. Bullitt's office to the Brown-Lam Coal Company.

4.   The court erroneously refused permission to appellant to read a deposition taken in behalf of appellee, which appellee failed to read in evidence.   (Musick v. Ray, 3 Met., 431.)

5.   The court erroneously refused to require that witness to answer questions propounded by appellant.

6.   The court erred in overruling appellee's exceptions to the deposition.

## SIXTH.

1.   The answer controverted the allegation of the petition to the effect that appellee had spent $202.48 in travelling expenses, and for other services in making the abstracts, and the court erred in giving the jury a peremptory instruction to find for appellee on that account.

2.   The court erred in instructing the jury that by reason of the execution of certificates appellee became absolutely bound to appellant for all loss, regardless of its nature, or amount, or character of his negligence.

3.   The court should have instructed the jury, as asked by appellant, to the effect that he was only responsible for any damage resulting from his failure to use his best professional skill and care in making the abstracts.

4.   The court erred in not giving instructions asked by appellant to the effect that in arriving at the value of appellee's services, the jury were not confined to the evidence of value, but had the right to rely upon their own judgment, upon the facts in evidence.   The instructions offered ought not to have been given, the court ought to have given some proper instruction upon that subject.   (Jordan v. Swift Iron & Steel Works, 13 Ky. Law Rep., 971.)

5.   The court should have instructed the jury, as asked by appellant, to find nothing in favor of appellee for having certified to the abstracts.

Morehead's Trustee, &c., v. Anderson.

MILLER & TODD and GEORGE W. JOLLY for appellee.

POINTS AND AUTHORITIES.

1. In the absence of a contract between the attorney and client fixing the value of the formers services the attorney is entitled to a reasonable compensation. (Downing v. Major, 2 Dana, 229; Cyc. of Law & Procedure, 4th vol., p. 994.)

2. In determining what is a reasonable fee to pay an attorney in any case certain elements are to be considered. Speaking generally they are:

(a) The exercise of legal knowledge required of the attorney.

(b) The responsibility incurred in performing the services.

(c) The labor bestowed and (4) the amount involved. (Weeks on Attorneys at Law, p. 574, sec. 343; "Mirror" an English book, chapter 3, sec. 5; Code of legal Ethics, Ky. State Bar Ass'n 1903, 44th clause; address of Judge Robertson at Transylvania University in 1847; Cyc. of Law & Procedure, 4th vol. p. 994; Lombard v. Bayard (1 Wall Jr., 207) Federal cases, vol. 15, case 8469.)

3. The exercise of legal knowledge required of appellee to compile and certify to the abstracts. (Warvelle on Abstracts, 2nd Ed., sec. 2 p. 2; Banker v. Calwell, 3 Minn., p. 94; 1 Preston Abstracts of title, pp. 1, etc.)

(a) The responsibility incurred by appellee in compiling abstracts and certifying to them. (Humbolt Bldg. Ass'n v. Ducker's Ex'r, 111th Ky, 763; Savings Bank v. Ward, 100 U. S., 195 to 199, 25th L. Ed., 621; Brown v. Sims, 53 N. E. R., 779; Dickle v. Abstract Co., 89 Tenn., 431, 14 S. W. R., 896; Lawall v. Groman, 180 Pa. St., 532, 37 Atl., 98; Peabody Bldg. & Loan Ass'n v. Houseman, 89 Pa., 261, 33 Am. Reports, 757; Page v. Trutch Federal cases, vol. 18, case No. 10668.)

(b) The labor performed by appellee in compiling the abstracts and curing defects in the title.

(c) The amount of money involved in the sale of the coal field to the purchaser.

4. Grounds for a new trial:

(a) Attorneys may be introduced as experts to testify as to the value of legal services rendered. (Rogers on Expert Testimony, Sec. Ed., p. 380, sec. 158.)

(b) Hypothetical questions may be asked attorneys for the purpose of obtaining their opinion as to the value of legal services. (Harnett v. Garvey, 66 N. Y., 641; Turnbull v. Richardson, 69 Mich., 400; 37 N. W. R., 499; Rogers on Expert Testimony, Sec. Ed., p. 380.)

(c) No witness testified that appellee's services were worth

less than $4,000, yet the jury found the value of the services to be only $3,000.

(d)   It was not error to refuse appellant the right to read as rebuttal testimony a deposition taken on behalf of appellee, because the deposition did not rebut any of appellee's evidence.

(e)   The instructions given by the court on its own·motion were prejudicial to appellee, and more favorable to appellant than it was entitled to.   (Brown v. Simms, 53 N. E. R., 779; Dickle v. Abstract Co. 89 Tenn., 431, 14 S. W. R., 896; Lawall v. Gronwan, 180 Pa. St., 532, 37 Atl., 98; Peabody Bldg. & Loan Ass'n v. Houseman, 89 Pa., 261, 33 Am. Reports, 757; Page v. Trutch Federal cases, vol. 18, case No. 10668; Warvelle on Abstracts, p. 94, sec. 4.) ·

(f)   It is not error for the lower court to limit argument to the jury.   (Williams v. Commonwealth, 82 Ky., 640; L. & N. R. R. Co. v. Earl's Adm'x, 94 Ky., 368.)

(g)   It was not error to strike out the averments in the answer of appellant.   Evidence was introduced to sustain the averments but no instruction was offered by appellant   The error, if any, was harmless.   (Gunther v. Taylor, 63 S. W. R. 439.)

OPINION OF THE COURT BY JOHN D. CARROLL, COM-MISSIONER—Affirming.

The appellee, who is an attorney at law at Owensboro, instituted this action against the Central Trust Company of Owensboro, Ky., trustee for C. J. Morehead, etc., to recover $5,202.48 alleged to be due by it for legal services rendered at its request.   Upon a trial before a jury a verdict was returned for $3,202.48.   From the judgment on this verdict, this appeal is prosecuted.

The facts exhibited by the record are substantially as follows:  In 1903 C. J. Morehead died the owner of a large body of coal land situated in Muhlenburg county, Ky., containing approximately 4,000 acres and composed of 59 different tracts, varying in size from 4 to 200 acres.   The will appointed the Central Trust Company of Owensboro trustee, and authorized it to sell and convey these lands.   Pursuant to the author-

ity given it, appellant sometime prior to July 3, 1905, sold the property and agreed to furnish the purchaser abstracts of title thereto. Appellee was employed to make the abstracts and to cure any defects that might be found in the titles. In the performance of this service, it became necessary for him to make 35 separate abstracts, and appellee was engaged in the labor incident thereto practically all of the time between July 9, 1905, and the 4th of December, 1905. Shortly after the abstracts were completed the lands were sold to the Brown-Lam Coal Company for $189,927; the title as perfected by appellee being accepted by the purchaser. The parties made no agreement as to the fee that appellee should charge or receive for his services. Appellee testifies that; when the employment was entered into, the manager of the trust company asked him what the charge would be for making the abstracts, and he replied that he did not know how much it would be, that he could not in advance make any estimate of it, but that his charge would be reasonable, and when the work was completed he would present his bill for the same. Mr. Reno, the manager of the trust company, said in substance that neither he nor the appellee knew how much the work would be worth, but they both agreed that each would treat the other fairly about the compensation. He also testified that he informed appellee that two other gentlemen had been at work on the abstracts, but he did not know definitely what progress they had made. Appellee's actual expenses whilst engaged in making the abstract was $202.48, and he first presented a bill for $3,202.48. The trust company declining to pay this sum, he withdrew his account, and instituted this action for $5,202.48. Appellant in its answer averred that a reasonable com-

pensation for the services rendered by appellee would be $500. During the trial both parties introduced a number of lawyers who testified as expert witnesses. They fixed the fee to which appellee was entitled at various sum, ranging from $500 to $5,000.

Appellant asks a reversal for the following assigned errors committed by the trial court to its prejudice: First, in failing to require appellee to file a bill of particulars specifying each particular service rendered and the charge therefor; second, in striking from the answer so much thereof as relied upon the fact that appellee's charges would be the same as he had made for other similar services; third, in permitting appellee to prove the value of the land for which the abstracts of title were made; fourth, in submitting to witnesses introduced to prove the value of appellee's services an erroneous hypothetical question; and, fifth, in misinstructing the jury.

Appellee filed with his petition an account showing in exact detail how and when and for what purpose the expense of $202.48 was incurred, and a general charge of $5,000 for services in preparing abstracts of title and perfecting the title to 3,800 acres of land known as the "Morehead coal property," in Muhlenburg county, and advising and consulting with reference thereto. This statement, or bill of particulars, in connection with the averments of the petition, furnished appellant with full and accurate information of the claim asserted against it. It was not necessary that appellee should file an itemized account specifying the service rendered in making each abstract, or the time expended thereon. He was employed to examine the titles to the entire body of land, and the account filed covered the employment and embraced the whole claim asserted. If a lawyer is employed to defend a

Morehead's Trustee, &c., v. Anderson.

man for murder, or to bring a suit upon a contract, or
to render any other legal service, he will not be re-
quired to divide into separate items each particular
service rendered, but may, in the absence of any
agreement to the contrary, present a general bill
covering the service he rendered under the employ-
ment. When this is done, and the reasonableness of
the fee is called into question, or the value or quan-
tity of the service is denied, these matters can be fully
investigated during the examination of the witnesses.
Of course, if a contract of employment obliges the
attorney to make a detailed and separate charge for
each item of service rendered, then he should in an
action against his client to recover the fee file a bill
of particulars, setting out fully and in detail the
services charged for. But, where the employment is
general to do specific work, or attend to a particular
case or matter of business, the account need not be
any broader or fuller than the contract. Therefore
the court properly overruled appellee's motion to
make the bill of particulars more specific.

Nor was the ruling of the court in striking from
appellant's answer the averments concerning the fees
that appellee had charged for services in abstracting
other titles for it prejudicial error; it being conceded
by both parties that there was no agreement as to the
fee, except that it should be reasonable. The only
question to be disposed of by the court and jury was
whether or not the fee charged by appellee was rea-
sonable, and a direct issue was made upon this point.
What appellee charged on other occasions for similar
work done for appellant was purely evidential, and
not proper to be set up in a pleading.

It is earnestly insisted that the court erred in per-
mitting evidence of the value of the land or the price

at which it was sold to the Brown-Lam Company to go
to the jury.  If this evidence was incompetent, it was
clearly prejudicial, as the large amount of money
received for the land would naturally have weight
with the jury in determining what would be a reason-
able charge for making the abstract of title.   It is
further said that there was no evidence that this land
was sold for $189,000.   In reference to the last sug-
gestion, Col. Bullitt, who represented as an attorney
the Brown-Lam Company, testified that he understood
that the purchase price to be paid by the company
was $189,000; a portion of this amount being payable
to one of appellant's directors.   This statement of
Col. Bullitt, while not as direct or positive as it might
have been, was, in view of his relation to the trans-
action, admissible as evidence.   The weight to be
attached to it was for the jury to determine.   It may
be said that the record discloses that this was the sum
paid by the Brown-Lam Company for the land, but it
is not important, so far as the competency of the evi-
dence being considered is concerned, whether all of
the purchase money was paid directly to the trust
company or not.   The purchase was made on the
faith of the abstracts and certificates of title made by
appellee under his employment with appellant, and
the price received for the land was properly consid-
ered as a circumstance showing what would be a rea-
sonable fee for the service rendered.   In estimating
the amount of compensation to which an attorney is
fairly entitled, in the absence of an express contract,
and when the understanding is that his charge is to
be reasonable, it is competent to consider the amount
and character of the service rendered, the labor, time,
and trouble involved, the nature and importance of
the litigation or business in which the services were

rendered, the amount of money or the value of the property affected by the controversy or involved in the employment, the skill and experience called for in the performance of the services, and the professional character and standing of the attorney. Am. & Eng. Ency. of Law, volume 3, p. 420; Louisville Gas Co. v. Hargiss, 33 S. W. 946, 17 Ky. Law Rep. 1190; Downing v. Major, 2 Dana (Ky.) 228. And in the trial of this case the court properly admitted evidence touching these several points.

It is also urged that the opinion evidence offered in behalf of appellee to establish what would be a reasonable charge for the services rendered was incompetent, and the hypothetical question submitted misleading. The question submitted to the lawyers who testified as expert witnesses embraced substantially the fact that we have held competent in determining the value of professional services, and that may properly be considered by the court or jury in estimating the reasonableness of the charge. This hypothetical question was based on the evidence of appellee detailing the services rendered, the time he was engaged, the character and value of the property involved, the responsibility incurred by the engagement, and embraced every fact connected directly with the services rendered, and was submitted to lawyers who were qualified by experience and knowledge of the law to testify as to the value of such service. This evidence was admissible to aid the jury in arriving at a just conclusion as to what would be a reasonable fee for the services performed. What is a fair and reasonable compensation for professional services is largely a matter of expert knowledge, and no persons are so well qualified to express an opinion concerning the value of such services as

are regular practitioners, whose knowledge of the subject, being investigated in connection with their learning and experience, enables them to express an intelligent opinion. It is true that this evidence is not conclusive on the jury, and they are not bound to return a verdict for the sum fixed by expert witnesses as a reasonable charge, but may weigh and consider this evidence in connection with other in reaching a conclusion, and have also the right to draw on their own experience and knowledge of the subject gathered from general information, common knowledge, and other sources. Louisville, New Albany & Chicago R. Co. v. Wallace, 136 Ill. 87, 26 N. E. 493, 11 L. R. A. 787; Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983; Head v. Hargrove, 105 U. S. 45, 26 L. Ed. 1028. The court properly refused to instruct the jury at the instance of appellant that, in arriving at the value of the plaintiff's services, they were not confined to the evidence, but might rely upon their own judgment as to the value of the services, as this would be in effect discrediting the expert and opinion testimony offered, and suggest to the jury that they might properly disregard it, when it was their duty to consider it in connection with the other evidence offered, and give to it such weight as in their judgment it was entitled. The court instructed the jury that they should find for appellee the sum of $202.48, the amount of the expense account sued for. This instruction is complained of as being a peremptory instruction to the jury to find for appellee the sum. It is true that this charge was denied in the answer, but its correctness and the fact that it was to be paid by appellant was admitted in the testimony. Therefore the substantial rights of appellant were not preju-

Morehead's Trustee, &c., v. Anderson.

diced by the instruction directing the jury to find for appellee this sum.

Upon the question of general fee, the court instructed the jury that they should take into consideration all of the evidence heard by them, and find for the plaintiff such a sum as would reasonably compensate him for the services performed, not exceeding in all the amount claimed in the petition. This instruction submitted fairly to the jury the real, and we might add, only, issue in the case, which was: What would be a reasonable fee for the services rendered?

In addition to this, the court instructed the jury that, when appellee entered into the contract, he undertook by implication of law to exercise reasonable care and skill in the performance of his undertaking, and that, if he certified that there was a good record title to the land involved, then he became liable to his client for any loss occurring to it by reason of negligence on his part in making the abstracts or failure to exercise reasonable care and skill in the performance of the service, and that they might consider this liability in estimating the value of the services rendered. An attorney who engaged to render professional services is liable for any loss or damage his client may sustain as the result of the attorney's neglect or want of reasonable care or knowledge of the law. And, in abstracting and certifying to the sufficiency of the title investigated by him, appellee assumed the responsibility for any loss occurring by reason of his ignorance of the law relating to titles or his failure to exercise reasonable care and skill in the performance of the service for which he was engaged. Humbolt v. Ducker, 111 Ky. 759, 23 Ky. Law Rep. 1073, 64 S. W. 671; National Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621. This

element of responsibility the jury had a right to be informed of and to consider in making up their verdict. In the absence of an instruction directing their attention to it, this important fact probably would not have been taken into consideration by them.

The action of the court in refusing to permit the deposition of Lindsey to be read was not prejudicial. His deposition taken on behalf of appellee, but not read by him, contained no evidence that could have been beneficial to appellant. Nor do we feel disposed to hold that the court erred in permitting appellee to read the deposition. It is well settled that one party to a litigation may read in his behalf a deposition taken by the adverse party who declines to introduce it. But here appellant did not offer to read the deposition of Lindsey except in rebuttal, and after it had completed its evidence in chief; and the court did not abuse its discretion in refusing to permit this to be done.

Numerous minor errors alleged to have been committed by the trial court are pointed out by counsel for appellant, but we do not deem it necessary to further extend this opinion in discussing them, as the principal questions relied on for reversal have been considered. It is a rare jury trial, indeed, when some error is not committed by the trial court, but it is not every error that will authorize a reversal of a judgment. Meaning and effect must be given to section 756 of the Civil Code, providing that: "Nor shall a judgment be reversed or modified except for an error to the prejudice of the substantial rights of the party complaining thereof." And we do not find in this record any errors prejudicial to the substantial rights of appellant. The case of both parties was fully and fairly presented to the jury. They were

properly instructed, and returned a verdict fixing what in their judgment under the law and evidence was a reasonable compensation for the services rendered by appellee. The sum allowed is not too large, considering the character of the service rendered, the responsibility assumed, the time lost in its performance, and the value of the property involved. That appellee was particularly well qualified to perform the service is not denied, and the fact that his services were engaged in a transaction involving so large an amount of money, where the success or failure of the sale depended in a great measure upon his knowledge and skill and professional standing, is well attested to by the fact of his employment.

Perceiving no error in the judgment, it is affirmed.