# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## APRIL TERM, 1911.

### Petry v. Nelson.

(Decided May 30, 1911.)

Appeal from Mason Circuit Court.

Attorney and Client—Action to Recover for Legal Services—In an action to recover an attorney's fee the issue being as to whether appellant was employed and did render the service, an instruction was free from error that directed the jury to try the case according to the evidence, though it did not tell them to con-sider and weigh it. The jury had the right to use their knowl-edge and information gathered from all sources in considering and weighing the testimony.

A. D. COLE for appellant.

THOMAS D. SLATTERY and R. W. NELSON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee, R. W. Nelson, brought this action 'against appellant to recover $1,200 for legal services rendered at appellant's request, in Mason county, in the settlements of the estates of Charles Petry, J. C. Petry, Mary J Petry, the examination of the accounts of A. M. J. Coch-ran, trustee of the estate of Chas. Petry, and in effecting an adjustment of the accounts with the trustee of Chas. J. Petry. Appellant answered the petition denying that the services were rendered; and denied specifically that the services were rendered in the settlement of each of the estates named, or in the examination of the accounts of Cochran, trustee, or in the adjustment of the accounts

of Chas. J. Petry, and alleged that appellant employed others in the settlement of these matters. Appellee also alleged that he employed Clarence Sallee and agreed to pay him with his own funds, to aid him in the matters referred to. Appellant denied this.

The testimony introduced by appellee shows that he was employed by appellant and his wife as his agent; that he did render the services; that the amount claimed is a reasonable fee for the services rendered, and that he was to pay Sallee $500 for his services. It is also shown that appellee effected the settlement in all the cases whereby appellant was to receive twelve thousand and some hundred dollars as his part of the estate. It appears that appellant refused to accept the settlements and employed other counsel to bring an action for the recovery of his portion of the estate, and, as a result of that action, he recovered about the same amount as he would have, had he accepted the settlements made by appellee.

Appellant's testimony was to the effect that appellee's services were worth from three to five hundred dollars.

The court gave the jury the following instruction:

"The court instructs the jury that they will find for plaintiff such sum as they may believe from all the evidence his services as legal adviser and attorney rendered defendant under his employment by defendant were reasonably worth, not exceeding twelve hundred dollars, the amount claimed in the petition."

The only question put in issue by the testimony was the value of appellee's services. While the answer denied that appellee was employed, all the testimony showed that he was, and, therefore, the court did not err in instructing the jury to find the value of the services.

The jury rendered a verdict in behalf of appellee for $1,000. Appellant moved the court for a judgment notwithstanding the verdict, claiming that as there was no reply filed, appellee admitted the averments of the answer wherein it was alleged that he had no connection with the settlements of the cases referred to, and that appellant had employed other counsel to bring an action and recover his portion of the estates. Appellant is in error in this claim. Appellee alleged that he was employed to and did render services in the settlements of

these matters. Appellant denied this and averred that he employed another attorney to bring an action to recover his part of the estates. This amount to a negative and also an affirmative denial.

The only questions at issue were whether appellee was employed to and did render services in the settlements of these estates, and, if he did, what was the value of such services?

Appellant complains of the instruction because it did not tell the jury "to draw on their own experience and knowledge of the subject gathered from general information, common knowledge and other sources but they were confined by the instruction absolutely to the evidence in the case."

This is true, in a certain sense, for the court told the jury to try the case according to the evidence introduced, but did not tell them how to consider and weigh it, and they had a right to believe a witness in whole, in part or not at all. In other words, the jury had the right to use their knowledge and information gathered from all sources in considering and weighing the testimony. We are of the opinion that appellant's adverse criticism of the instruction is groundless, and that it properly submitted the question to the jury.

Appellant further claimed that the verdict is excessive. As to what the amount of the verdict should be, was a question for the jury, and it had an abundance of testimony to authorize its finding.

For these reasons, the judgment of the lower court is affirmed.