# Crescent Hill Presbyterian Church and George Nicholas, Theodore F. Tracy and Jesse Gray, as Trustees of the Crescent Hill Presbyterian Church v. McDonald & Dodd, et al.

(Decided October 5, 1911.)

## Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Building Church—Services of Architects.—The congregation and officers of the Crescent Hill Presbyterian Church decided to build a new church, employed an architect who prepared plans and specifications therefor, estimating the cost including oak pews, hot air heating apparatus, electric light wiring, fixtures, etc., and including architect fees, lot carpet, organ, etc. Finally the church decided to indifinitely postpone the building of it. The architects estimated the cost at $14,500, including their fees and brought this suit for their services estimating their bill at 3½ per cent of the lowest bid for the construction of the building which was $17,833. This the church refused to pay. They recovered a verdict for $574.15 from which verdict and judgment the church has appealed. Held, that the architects were entitled to a reasonable compensation for their services which the jury fixed at $574.15.

BENNETT H. YOUNG and MARION W. RIPY, for appellant.

JOHN B. BASKIN, BODLEY & BASKIN for appellees.

Opinion of the Court by Judge Lassing—Affirming.

On May 3, 1908, the Crescent Hill Presbyterian Church, having in view the building of a new house of worship, by a unanimous vote appointed a building committee of three, with authority to these three to select five or six other members, making a committee of not more than nine in all, and gave to such committee "full power to deliberate upon the whole question and to report recommendations to the congregation." This building committee met, organized, appointed other members of the congregation on their committee, as authorized by the motion, elected a chairman and secretary, and, at a subsequent meeting held on July 3rd, selected McDonald & Dodd as architects to prepare plans for the new church building. A sub-committee, appointed by the building committee, later conferred with the architects and the ladies and officers of the church with the view of de-

termining the kind of building desired. Plans were prepared by the architects, which were altered from time to time, until finally a plan acceptable to the committee was agreed upon, and, on motion, it was decided that the plans, together with the approximate cost of the church, should be submitted to the congregation for its approval. On February 26, 1909, the building committee reported to the congregation the result of its labor, together with the plans and specifications submitted by the architects and their estimated cost of the new building. Said report is as follows:

"We herewith submit a plan for a new church building, which contemplates the utilization so far as possible the present building. These plans have been carefully considered by the committee, unanimously approved by them and recommended to you for adoption. The approximate cost of doing this will be about as follows:

"Estimated cost of new building and alterations on old building, including oak pews, hot air heating apparatus, electric light wiring, fixtures, etc., and including architects' fees ......................... $14,500.00
Cost of lot recently purchased ............ 2,500.00
Approximate cost of carpets, organ, etc.... 3,000.00

Total ............................. $20,000.00

"The architects, Messrs. McDonald & Dodd, state that it is impossible for them to guarantee the accuracy of their estimate, but that their experience has been that the class of work contemplated would not exceed the price specified above.

"In the judgment of your committee, it would be safe for the congregation to proceed with this building as soon as they have succeeded in raising at least $10,000. They recommend, therefore, the adoption by the congregation of these plans and that steps be at once taken to secure as large subscriptions as possible, payable in eight equal monthly installments, and that when $10,000 shall have been subscribed in this manner the work be proceeded with without delay.

"It was moved by Mr. R. S. Veech, seconded by Mr. Jesse S. Gray, that this report be received, approved and adopted. This motion was discussed by Capt. Gaines, Elder Blain, Deacon Smith, Mr. A. I. Macpherson and Mr. R. S. Veech. On motion of Mr. C. C. Richardson, seconded by Deacon Smith, the vote was by ballot.

"Elders Gray and Lee, Messrs. Richardson and Wm. R. Heick were appointed tellers. Mr. Veech's motion prevailed the vote standing forty (40) for and twenty-two (22) against it. On motion the meeting adjourned.

(Signed)   "C. W. Sommerville,

"Moderator.

"R. H. Blain, Jr.,

"Clerk."

After these plans, recommended by the building committee, had been adopted by the congregation, the architects received bids from various contractors for the work. The lowest bid for the work was $16,898, without the heating; and the best bid for the heating was $935, making a total of $17,833. After these bids had been received the architects were notified by the secretary of the church that they had decided to indefinitely postpone the building of the church. Thereupon the architects presented a bill for 3 1-2 per cent. of the $17,833, the lowest bid for the construction of the building, as a reasonable compensation for the service rendered by them. This the church refused to pay, following which this suit was instituted. The congregation's answer was a traverse. Upon a trial before a jury the plaintiff recovered a verdict for $574.15, and from the judgment predicated thereon this appeal is prosecuted.

Two errors are relied upon for reversal. First, it is insisted that the court did not properly instruct the jury; and second, that it erred in permitting the witness, Dodd, to be recalled after the case had been closed.

The instructions given by the court are, as follows:

"The law of this case is this and the court so instructs you: It appears in this case that on the 3rd day of May, 1908, the defendant, Crescent Hill Presbyterian Church, in congregation assembled, designated and appointed Captain John T. Gaines, Judge Emmet Field and Mr. Richard S. Veech three members of a building committee with authority to appoint six other members, making a committee of nine, in all; that thereafter, and in due form, the said committee of three designated Embry L. Swearingen, B. B. Veech, Lewis R. Atwood, Bethel B. Veech, Jesse S. Gray, Graeme McGowan and C. C. Richardson members of the committee, making a building committee of nine members. It further appears from the evidence in this case that said building committee engaged the services of the plaintiffs, McDonald & Dodd, to prepare and present plans and specifications for the con-

struction of a church for the defendant, Crescent Hill Presbyterian Church; that in pursuance to said employment the plaintiff, McDonald & Dodd, prepared and presented to the committee such plans and specifications and that a report of such service as was rendered by McDonald & Dodd was made by the said building committee to the Crescent Hill Presbyterian Church, in congregation assembled, and that such services as had been rendered by the said McDonald & Dodd, under their said employment up until that time, as directed by the committee, was ratified, accepted and approved by the church on February 28, 1909.

"I instruct you, gentlemen, that the law of the case is for the plaintiffs and you will find for the plaintiffs such sum as you believe from the evidence is the reasonable, fair value of the services so rendered by McDonald & Dodd, up to the said date of February 28, 1909, not to exceed $624.15, the amount claimed in the petition.

"I further instruct you, gentlemen, that such service, if any, as was rendered by McDonald & Dodd after said date of February 28, 1909, was not rendered at the ininstance and request, or by the authority of the defendant, Crescent Hill Presbyterian Church."

It is unnecessary to enter upon a consideration of the question as to whether or not the building committee had authority to employ the appellees to prepare the plans and specifications for the church, for any doubt that may have existed as to their authority was removed by the action of the congregation on February 28, 1909, when the report of the building committee was received and approved by it. This act on the part of the congregation was a complete ratification of all that the committee up to that time had done under its appointment, and hence the congregation was as much obligated to pay to the architects a reasonable fee for the services rendered by them as though the committee had been especially directed to employ them.

The only real question raised was the value of their services. It was insisted for appellant that, as the estimated cost of the buildings in the plans and specifications submitted by the architects was $14,500, they should be limited in their charge to a per centum upon this estimated cost. Whereas, appellees insisted that their compensation should be based upon the cost of the building, and not the estimate; and as the lowest bid for the construction of the building was $17,833, this sum must be ac-

cepted as the basis upon which to estimate their fee, for, had the congregation gone on with the work, the contract would have been let to this bidder. The chief witness introduced by appellant for the purpose of fixing the value of appellees' compensation testified that an architect's compensation is fixed at a per cent. of the cost of the building and hence his testimony supports the claim of appellees as to the method to be adopted in computing their compensation. The jury was warranted in accepting the lowest bid rather than the architect's estimate as the sum upon which the commission should be allowed.

By instruction No. 1 the jury was told to award to appellees such sum as they found from the evidence to be a fair and reasonable compensation for the services rendered by them up to February 28, 1909, the date upon which their plans and specifications were approved and adopted by the congregation. It seems that, by the evidence introduced, it had not been made clear just how much of the work of preparing the plans and specifications had been done by appellees prior to that date, and, over the objection of appellant's counsel, appellees were permitted to show that some of the work in the completion of the specifications and advertising for bids, etc., was done after the plans had been accepted. The effect of this testimony was merely to reduce appellee's claim, for under the instructions given they were not entitled to recover anything for services rendered after that date. Appellant was no more prejudiced by the introduction of this evidence than it would have been had the court, at that stage of the proceeding, permitted appellees to file an amended pleading, reducing their claim in part. We fail to see wherein appellant was in any wise prejudiced by the introduction of this evidence.

Nor is ground of complaint afforded because some of appellant's witnesses had been excused by the court before this testimony was introduced, for it is not made to appear from the affidavits filed with the motion and grounds for a new trial that appellant could have shown by any of the witnesses who were thus excused that more of the work in the preparation of the plans and specifications was done after February 28, 1909, than appellees admitted. It is not pretended that any of these witnesses knew that any work at all was done upon the plans and specifications after February 28, 1909. On the contrary, it is altogether likely that all the members of the congregation understood and believed, at the time the plans

were recommended by the building committee for adoption, that they were complete. And certainly no ground of complaint is afforded because the court excused them from further attendance and thereafter permitted other witnesses to be introduced for appellee, in the absence of a showing that, if they had been present, they could have rebutted the testimony permitted to go to the jury in their absence.

We are satisfied from a careful reading of the record that this congregation did not expect to go to any expense whatever for plans and specifications unless they were used in building a new church. We are further satisfied that, at the time the building committee contracted with appellees, they fully expected that the church would be built; and hence no provision was made in the employment that they were to be paid only in the event the church was built. It seems that at the time the report of the building committee was made and the plans and specifications adopted, the congregation still expected to go on with the building. But thereafter dissensions arose and, from some cause not altogether clear in the record, the date of the building was indefinitely postponed. The architects were in no wise responsible for this, however, and were entitled to a reasonable compensation for the services rendered by them. This the jury found to be $574.15, and we see no reason for disturbing that finding.

Judgment affirmed.