## Lipscomb's Admr. v. Castleman.

(Decided April 16, 1912.)

## Appeal from Boone Circuit Court.

1. Attorney and Client—Agreed Fee—When May Recover Whole Fee.—An attorney who is employed at an agreed fee, may recover the whole fee, although subsequently other attorneys are employed to assist him in the case, unless there is an agreement that his fee is to be reduced.

2. Attorney and Client.—An attorney employed upon a fee contingent upon his winning the case is entitled to his whole fee where he wins the case on all that was in issue.

3. Judgment—When Will Not Be Reversed—Instruction.—A judgment will not be reversed for a misleading instruction where upon the instructions as a whole, the meaning is clear, and the verdict of the jury shows they were not in fact mislead.

JOHN L. VEST, S. GAINES and GREEN & VANWINKLE for appellant.

O. M. ROGERS and D. E. CASTLEMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

C. E. Lipscomb employed D. E. Castleman as an attorney to defend a suit which Henrietta Powers had brought against him; and signed and delivered to him the following written contract:

"I have this day employed D. E. Castleman to represent me in the case of Henrietta Powers against myself now pending in the Boone Circuit Court. I agree to pay him $250 for taking the case, win or lose, and have given him my note for that sum due in one year. Should he gain the suit for me, I agree to pay him $200 additional.

"This August 1st, 1907.

"C. E. LIPSCOMB."

Castleman brought this suit against Lipscomb to recover on the note for $250 referred to in the written agreement. Lipscomb by his answer pleaded that after the written contract was entered into, he concluded that he ought to employ other attorneys and that thereupon it was agreed between him and Castleman that he should employ two other attorneys in the case and that Castleman would only charge him for his services a reasonable fee; and that he had paid him $200 which was the reasonable value of his services in the action. He also denied that Castleman had gained the suit for him. The case was heard before a jury who returned a verdict in favor of Castleman. The court entered judgment on the verdict and Lipscomb appeals.

The defendant insists that the court erred in refusing to instruct the jury that the plaintiff was not entitled to recover more than $250, subject to a credit of $200 which had been paid him. This instruction was asked upon the ground that the evidence did not show that Castleman had gained the suit. The record of that case had been made a part of the bill of exceptions. It shows these facts: Henrietta Powers had made a deed to Lipscomb for a tract of land. The deed recited that it was made in consideration of $3,000 paid and to be paid as follows: $2,100 cash and the remainder to be paid on certain notes held by a third person. She alleged that no consideration was paid her for the land; that the deed was obtained by fraud and asked that it be cancelled. Lipscomb by his answer denied all this, and on final hearing the court upheld the deed, but required Lipscomb to pay the balance of the purchase money which he admitted in his answer that he owed. It also re-

quired him to pay the cost of the action as he had not paid the balance of the purchase money, and a sale of the land was ordered to make this.

Castleman won the suit that he was employed to defend. He sustained the deed. There was no issue in the case as to the balance of the purchase money, and the fact that Lipscomb was adjudged to pay the cost was due to his not tendering the purchase money. When Castleman was employed he was told that the purchase money had all been paid, and his contract under the facts manifestly had reference to sustaining the deed for the land. We think, therefore, the court properly refused to give the instruction as asked by Lipscomb which was in effect an instruction telling the jury that Castleman had not won the suit.

The defendant also complains that the court refused to instruct the jury that Castleman was not entitled to the full amount of the contract fee because two other attorneys were employed to assist him in the action. But the court properly refused to give this instruction; for Castleman under his contract was entitled to his fee unless there was some agreement that he was not to charge the full fee when other attorneys were employed to assist him in the case. (Townsend v. Rhea, 18 R., 901.) It may be that the attorneys who were employed to assist Castleman did a large part of the work which he would otherwise have done, and it may be that the case would not have been won but for their skill in helping him defend it; still these matters do not deprive Castleman of his contract rights; for he had a right to stand upon his contract, and Lipscomb could not deprive him of the benefits of his contract without his consent, by anything that he could do.

Lastly, it is insisted that the court misinstructed the jury. The court by the first instruction told the jury in substance that they should find for the plaintiff the amount of the note unless there had been a subsequent agreement between the parties by which Castleman was to be paid only a reasonable compensation for his services; and that he had accepted the $200 as such reasonable compensation, in which event they should find for the defendant. This instruction standing alone would be misleading, but the second instruction plainly told the jury that if there was an agreement that Castleman was only to charge a reasonable fee for his services they

should only allow him such reasonable compensation, and deduct therefrom the $200, which had been paid him, and find for him only the remainder, if any. By the third instruction they were told that if he accepted the $200 in full satisfaction of his claim, they should find nothing for him. Reading the instructions as a whole, we can not see that the jury could have misunderstood them. The finding of the jury is plainly a finding that the agreement relied on by the defendant was not in fact made and it is evident from their verdict, that they were. not in fact misled.

Judgment affirmed.