## Adams Express Company v. James.

(Decided May 4, 1915.)

### Appeal from Hardin Circuit Court.

1. Attorney and Client—Compensation Entitled to.—Where a local attorney is expected and required only to take such actions and make such motions and defenses as he is requested to take and make by the chief counsel, he is not entitled to compensation for any services in excess of those that he was expected or employed to perform under the direction of the chief counsel.

2. Attorney and Client—Evidence of Value of Services.—Where there is an issue as to the value of services an attorney was employed to perform, qualified persons should be permitted to express an opinion on hypothetical facts based on the terms of the employment as understood by both parties and the value of the services performed under each theory.

MAXWELL & RAMSEY and WILLIAMS & HANDLEY for appellant.

H. L. JAMES and L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In a suit in the Hardin Circuit Court the appellee recovered a judgment against the appellant for $3,000 attorney's fees alleged to be due him for services rendered in the defense of a number of prosecutions against the express company in the counties of Hardin, Meade, and Breckinridge. A reversal of this judgment is asked for assigned errors committed by the trial court in giving and refusing instructions, in admitting and rejecting evidence, and because it is excessive.

Briefly the facts are: That the appellee, who is a capable attorney of Elizabethtown, was called on by R. J. Percefull, a route agent for the company, to represent the company in the prosecution of the appeals from two judgments that had been obtained against it in the police court of Elizabethtown. It is agreed by both Percefull and appellee that appellee was to communicate with Mr. Maxwell, the chief counsel of the company, who lived in Cincinnati. There is, however, some difference between appellee and Percefull as to the extent of the contract of employment between them, Percefull saying that it was confined to the two cases mentioned, while appellee says that it embraced any prosecutions that might be brought against the company in Hardin County. At any rate, appellee represented the company in these two prosecutions, which were appealed by him to the circuit court.

Soon after this, 120 penal actions were instituted in the Hardin Circuit Court by the Commonwealth against the company, and some 33 indictments or penal actions were also instituted against it in Meade County, and 151 in Breckinridge County. Five other prosecutions were also instituted in the police court of Elizabethtown against the company. All of these prosecutions were instituted under a statute forbidding the transportation of intoxicating liquor into territory in which the sale of liquor had been prohibited by law. All of the indictments and actions were alike except as to names of persons, and the penalty for the violation of the law was the same in each prosecution, and the same legal questions were presented in each, and Mr. James, under employment from either Percefull or Mr. Maxwell, represented the company as local counsel in all these prosecutions.

At the time these prosecutions were instituted there was pending in this court an appeal from the Whitley Circuit Court involving all the legal questions presented in these prosecutions, and Mr. James succeeded in having all of them postponed to await the decision of this court in the Whitley County case. When that decision was handed down, the construction placed on the law under which the prosecutions were instituted made it impossible for the Commonwealth to obtain judgments of conviction in any of these prosecutions, and so they were all dismissed without trial.

Mr. James had no connection whatever with the Whitley County case, which was looked after by Mr. Maxwell and local lawyers in Whitley County under his direction; and it appears that substantially the same motions and agreements were made in these cases as had been made in the Whitley County case. In fact, it was the purpose of the express company to defend these cases in the same manner as it defended the Whitley County case, and with this end in view Mr. Maxwell furnished Mr. James a complete record of all the motions, orders and agreements that had been made in the Whitley County case.

From the time, however, of the employment of Mr. James until the prosecutions were dismissed he gave to each of them his personal attention and made every motion necessary to protect the rights of the express company. While the extensive correspondence between Mr. James and Mr. Maxwell concerning these cases shows that Mr. James had given to the legal questions involved, as well as the questions of fact that might be raised, a very thorough investigation, and was fully acquainted by his own research with the defenses the company relied on, he did not make any motion or take any action in any of these prosecutions without first consulting with Mr. Maxwell and obtaining his opinion as to what should be done. It seems that Mr. Maxwell and Mr. James agreed as to the issues, and so Mr. James did not have any difficulty in accepting the advice of Mr. Maxwell.

The chief defence advanced by the company in this suit was that Mr. James was not authorized to take any steps in any of these prosecutions or make any motions or orders therein or agreements with reference thereto unless he was directed what to do and how to do it by Mr. Maxwell, and, therefore, he was not entitled to

compensation for any service that he rendered except such as he was directed by Mr. Maxwell to perform.

On the other hand, Mr. James considered that he had been employed by the express company, through Mr. Maxwell as well as its agent, Percefull, as local counsel, having full charge of the cases, and that it was his duty under his employment to investigate the law and the facts and be prepared to do everything that might be needful to protect the interests of the company, independent of any advice or suggestions made by Mr. Maxwell.

On the trial of the case, after telling the jury in proper form that nine might make a verdict, the court gave them only one instruction, as follows:

"The court instructs the jury that they should take into consideration all the evidence heard by them, and find for the plaintiff such a sum as will reasonably compensate him for the services performed, under his employment by defendant, not exceeding in all the amount claimed in the petition, which is $3,000.00."

The express company requested the court to give a number of instructions, but we need refer to only the three following:

"C. The court instructs the jury that they will find for the plaintiff only such sum as will reasonably compensate him for the services which he was required to perform, by the terms of his employment, and which he did perform for the defendant, under the said employment, not to exceed in all $3,000.00."

"D. The court instructs the jury that they cannot find for the plaintiff compensation for any services performed by him which he was not reasonably required to do by the terms of his employment, or by reason of exigencies arising in said defense."

"E. The jury is not bound to accept the statements of the lawyers, who in their testimony give opinion as to the reasonable value of Mr. James' services in this case, and they may weigh and consider this evidence in connection with any other in reaching a conclusion, and may draw on their own experience and knowledge of the subject, gathered from general information, common knowledge or other sources."

If, under the terms and conditions of his employment, Mr. James, as local counsel, was only expected and required to take such action and make such motions and

defenses as he was requested to take and· make by the chief counsel, Mr. Maxwell, then Mr. James was not entitled to compensation for any services in excess of those that he was expected and employed to perform under the direction of the chief counsel. Assuming this state of facts to be true, if he did any other work or performed any other services, it cannot be said that this labor was done under his employment or authorized by it.

Counsel for appellee do not question the correctness of this principle, but insist that the instruction given by the court presented this defense in limiting his compensation to services performed under his employment. We think, however, that some instruction presenting distinctly the only defense the express company had should' have been given, and that the jury should have been. told, in substance, that Mr. James was only entitled to reasonable compensation for the services he was required to and did perform under the express terms of his employment, and if he rendered any services for the company independent of or outside of those he was required to render by the terms of his employment, he was not entitled to compensation in this action for any such services. An instruction like this and the one that was given will, we think, present fairly to the jury the law of the case for both parties.

The idea expressed in instruction "E" was disapproved in Morehead v. Anderson, 125 Ky., 77.

We also think the court committed error in sustaining exceptions to questions nine and ten, and the answers thereto, in the deposition of Mr. Trabue. A number of witnesses for Mr. James, in answer to hypothetical questions, expressed their opinion as to the value of his services and what was reasonable compensation therefor, and the jury should have been permitted to hear the evidence of Mr. Trabue on this subject. In other words, the jury should have been permitted to hear all evidence offered through qualified persons not only as to the reasonable value of Mr. James' services on the hypothesis that he was employed to and did perform all the services stated by him, but also as to the reasonable value of his services based on the hypothesis that he was employed to render only such services as he was directed by Mr. Maxwell to perform.

For the reasons indicated, the judgment is reversed and remanded for a new trial consistent with this opinion.