## Caudill v. Commonwealth.

(Decided May 3, 1927.)

Appeal from Perry Circuit Court.

1. Criminal Law.—Under Criminal Code of Practice, section 238, one cannot be convicted of crime on bare suspicion that witnesses are not telling whole truth, but there must be proof of some facts and circumstances reasonably warranting inference of defendant's guilt.

2. Homicide.—In prosecution for conspiracy to kill and for aiding and abetting in killing accused's husband, shot by accused's son after husband had knocked accused down, evidence of accused's guilt of voluntary manslaughter held insufficient to go to jury under Cricinal Code of Practice, section 238, providing that, if there is reasonable doubt as to guilt, accused should be acquitted.

H. C. EVERSOLE and F. J. EVERSOLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Mary Caudill and Harrison McIntire were indicted in the Perry circuit court for the crime of willful murder. It was charged in one count of the indictment that they feloniously and with malice aforethought conspired together to kill Jerry Caudill, and pursuant to the conspiracy did kill him. In the other count it was charged that Harrison McIntire killed Jerry Caudill feloniously and with malice aforethought, and that Mary Caudill was present and with malice aforethought aided and abetted Harrison McIntire in killing him. Mary Caudill was placed on trial; she was found guilty of voluntary manslaughter, and her punishment was fixed at 10 years' imprisonment. She appeals.

Mary Caudill and Jerry Caudill had been married 23 years. They had a son Ira, 18 years of age; a daughter, Bertha, 12, and a son William, who was younger. Mrs. Caudill had a son, Harrison McIntire, who was something over 25 years of age, the child of her first marriage. Harrison McIntire was married and lived not far from the Caudills. Jerry Caudill became dissipated; his wife objected to his drinking, and some bad feeling arose between them, so that he did not live at home for a while, but he had returned home some time before his death. The day before he was killed, he left home and went over on Big creek. He came back the next morning about 11 o'clock under the influence of whisky and bringing some whisky with him. His wife complained that he had used her money. Some quarreling ensued. Finally he said, "If you don't hush, I am going to leave." She said, "I don't care if you do leave;" and went into another room. After this she got dinner, and they all ate dinner together. Harrison McIntire had come to the house the night before and was there that Sunday. After dinner,

Jerry Caudill and he both were under the influence of whisky. The only witness introduced by the commonwealth who saw the difficulty was Bertha Caudill. She testified that after dinner her father and mother had been quarreling in the middle room of the house; that her father knocked her mother down; that Harrison McIntire was in the front room and came in behind his mother and picked her up; her father was calling her mother a bad name; that they quarreled all the time because her father kept whisky there and she did not want to have it there; she was crying, and she did not do anything; her father knocked her mother down again; that he was not doing anything to Harrison, but he was trying to get to her mother again to knock her down and Harrison drew his pistol and shot her father, the ball striking him near the eye and killing him instantly. The commonwealth also introduced the testimony of this witness, given on a former examination, which varies in some particulars from which she said at the trial, but did not disclose anything said or done by her mother.

On the other hand the proof by the defendant was that, while Mrs. Caudill was still in the kitchen, Jerry and Ira were in the middle room quarreling about something; that she went in to see what it was about and when she got there Ira had hold of him and he was talking and swearing. She asked what it was all about. Her husband cursed her, calling her a bad name, and struck her in the face, knocking her down. Harrison then came from the front room as she got up, and as she got up her husband knocked her down again. Harrison picked her up and said, "Jerry, don't hit ma any more." Ira still had hold of him and was pushing him back; he was making an effort to get at Mrs. Caudill again. Harrison McIntire drew his pistol and shot him.

None of the witnesses say that Mrs. Caudill said anything or did anything to cause McIntire to shoot Jerry Caudill. There is no proof of any conspiracy between them or previous understanding of any kind. Harrison was in one room and his mother in another, Jerry Caudill and Ira in a third when the trouble started, and it is reasonably apparent from all the facts that Jerry was drunk, and that this was the sole cause of the trouble with his wife, and that Harrison McIntire shot him after he had knocked his mother down twice.

It is a cardinal rule of the law that the defendant must be proven to be guilty before he may be convicted.

A man cannot be convicted on bare suspicion that the witnesses are not telling the whole truth. There must be proof of some facts and circumstances reasonably warranting the inference of the defendant's guilt. Section 238 of the Criminal Code is in these words:

"If there be a reasonable doubt of the defendant being proven to be guilty, he is entitled to an acquittal."

To sustain a conviction under such proof as we have here would be to give no effect to this just statute.

"The trial judge has the same right and authority to give a peremptory instruction in a criminal proceding that he has in a civil action. And, if the evidence introduced in behalf of the commonwealth fails to incriminate the defendant, or is wholly insufficient to show that he is guilty of the offense charged, it is not only the right but the duty of the trial judge to instruct the jury to return a verdict of not guilty." Com. v. Murphy, 109 S. W. 353, 33 Ky. Law Rep. 141.

"As the evidence of the commonwealth created but a mere suspicion of guilt on the part of appellant, and this suspicion was dispelled by the evidence in his behalf and as a whole, his acquittal should have been directed by a peremptory instruction from the trial court." Blankenship v. Com., 147 Ky. 770, 145 S. W. 753.

The court should have instructed the jury peremptorily to find the defendant not guilty.

Judgment reversed, and cause remanded for a new trial.