## Acme Mills v. Moore.

(Decided November 26, 1929.)

SELDON Y. TRIMBLE for appellant.

O. H. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Acme Mills, of Hopkinsville, was visited by a disastrous fire, and its milling plant totally destroyed. The management was concerned to get the plant rebuilt with the greatest possible dispatch. The plan pursued was to invite various responsible contractors to submit both specifications and a bid for a completely restored plant. Several propositions were under consideration, but the variations in the prices suggested caution. M. G. Moore is a contractor and engineer, and claims that

he was employed by appellant to render expert advice in choosing a contractor, negotiating a contract for the new structure, and in superintending the execution of the work. It is appellant's claim that Moore was a friendly volunteer who endeavored to have all bids rejected to the end that he might be employed to erect the plant on a cost-plus basis. Moore was not allowed to superintend the construction of the new plant. He sued the appellant to recover $2,200 for the services rendered, and to be rendered under the contract as he claimed it to be. He averred a breach of the contract in that he was denied the right to superintend the work, and was not paid anything for his services. The answer of appellant contained a specific denial of every allegation of the petition. The jury returned a verdict in favor of the plaintiff for $1,100 which the court reduced to $800, and rendered judgment accordingly. The Acme Mills has prosecuted an appeal. It is admitted that the issues respecting the existence and terms of the contract with Moore were ones of fact addressed necessarily to the jury whose verdict for plaintiff is sufficiently supported by the evidence. But it is earnestly insisted for appellant that the circuit court erred in the admission of certain evidence for plaintiff, in giving the first instruction to the jury, and in refusing a requested instruction.

1. The complaint as regards incompetent evidence is confined to a criticism of testimony tending to show that appellant already had made a contract with a Chicago concern when Moore first appeared in the picture, and to the introduction of a letter written by appellant's president and published in a trade magazine. It is argued that the evidence was incompetent and prejudicial because it had no relevancy to the issues to be tried and tended to prejudice the appellant by indicating its readiness to break contracts. The construction superintendent of the Chicago concern testified that he was advised his company had submitted a bid of $48,750 for the work, and that he had been told that the offer of his company had been accepted by telephone. He did not testify that any contract was actually made, but that he was so advised, and was in Hopkinsville to go over details and to bring the matter to a conclusion. Moore was presented to him by appellant's president as its engineer to check over the plans and to report on the reasonableness of the offer. Moore did examine the proposed plans and thought the proposed price too high. He endeavored to

induce the submission of a lower bid. It is obvious that the situation confronting Moore had to be developed in order that the jury could appreciate the conduct and relative positions and attitudes of the parties. The witness made it quite clear to the jury that he had no personal knowledge of the prior negotiations, and was proceeding upon the information given him. The fact that appellant was seriously considering and actually contemplating acceptance of the offer of the Chicago concern was relevant to illustrate the value of Moore's services in ascertaining and advising that a better contract could be obtained. In fact a much better one was obtained resulting in substantial saving to appellant. The testimony of appellant's president made it clear beyond controversy that no contract was ever closed with the Chicago company. We are unable to concur with counsel that the jury could have been prejudiced by the testimony. It merely showed that, before actually concluding a contract, appellant's president desired to be assured that the offer was a fair and suitable one. Moore's advise was given in the exigency, and it was proper for the jury to know the circumstances under which he and appellant acted. The letter to the magazine was not offered as substantive evidence. It was introduced in contradiction of statements made on the witness stand by the president, possessed some probative tendency in that direction, and was clearly competent for that purpose. No request was made for an admonition to the jury respecting the purpose of the evidence, but it was so apparent that no admonition was thought necessary at the time. Indeed, the letter could not be construed otherwise. It merely explained how the ultimate contract had been concluded with another contractor, and that it had been satisfactorily performed. There was no error in the rulings of the court regulating the admission of testimony.

2. The criticism of the first instruction relates to the concluding sentence which directed the jury, if the issues thereby submitted were found in favor of the plaintiff, to allow him "the reasonable value of said services, not exceeding the sum of $2,200.00, the amount claimed in the petition." It is argued that the utmost recovery authorized by the proof was $1,100 and that the instruction should have confined the jury to that sum rather than to the sum claimed in the plaintiff's pleading. In Louisville & N. R. Co. v. Ashley, 169 Ky. 330,

724

183 S. W. 921, 925, L. R. A. 1916E, page 763, this court directed that an instruction to be given on another trial should limit the jury to the damages shown by the evidence saying: ''While in the light of the other instructions given we would not reverse the judgment on account of the defect complained of, upon another trial the instruction should be so written as to free it from such defect.'' It is apparent from the statement of the court and the authorities cited to support it that the instruction as given had failed to require the jury to base the amount of damage upon the evidence adduced. In Davis, Agent, v. Rhodes, 206 Ky. 340, 266 S. W. 1091, this court reversed a judgment because an instruction to the jury respecting special damages authorized the jury to find an amount claimed in the petition, instead of confining it to the amount shown by the evidence, which was materially less than the amount claimed therefor in the petition. The judgment was in gross, and the court under those conditions, deemed the error prejudicial. In Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. (2d) 768, the question was fully discussed and the rules regulating the matter carefully explained. In Georgia, S. & Florida Ry. Co. v. Makeever, 228 Ky. 492, 15 S. W. (2d) 293, a judgment was reversed because the jury was authorized by the instruction to allow, and had in fact allowed, the full amount of damages claimed, notwithstanding the fact that the maximum damage shown by the proof was only 80 per cent. of the amount allowed. The plaintiff in the present case was not claiming special damages. He was seeking to recover reasonable compensation for services rendered and to be rendered, and the proof introduced, coupled with the knowledge of the jury respecting the value of professional services, made it unnecessary for the court to limit the amount otherwise than as claimed in the petition. An ingenious argument is made to the effect that the testimony for plaintiff, when separated into its elements, does not show that the services for which recovery was permitted were reasonably worth more than one-half the amount claimed in the petition. But the jury had before it not only the opinions of the witnesses as to what was reasonable compensation, but also a particular description of the nature, character, and extent of the services rendered by plaintiff. A jury understands and is qualified to judge what is the reasonable value of personal or professional services. Morehead v. Ander-

son, 125 Ky. 77, 100 S. W. 340, 30 Ky. Law Rep. 1137; Petry v. Nelson, 144 Ky. 1, 137 S. W. 783; Crescent Hill Presbyterian Church v. McDonald & Dodd, 144 Ky. 655, 139 S. W. 849; Ducker v. Nelson, 43 S. W. 210, 19 Ky. Law Rep. 1186; Adams Express Co. v. James, 164 Ky. 484, 175 S. W. 1012; Lipscomb v. Castleman, 147 Ky. 741, 145 S. W. 753; Davis v. Pendennis Club, 230 Ky. 465, 19 S. W. (2d) 1078. The argument, however, must have had its effect with the jury, as it allowed plaintiff only $1,100. Anticipating the obvious fact that the verdict of the jury neutralized any presumption of prejudice on that score, it is said in brief for appellant that the jurymen at that term of court rendered verdicts rather consistently for plaintiffs in damage cases and almost invariably for one-half the amount claimed in the petition. It is deduced from that circumstance that the verdict in this case might have been for only half as much if the instruction had limited the recovery to the smaller sum. The record, of course, discloses nothing upon this subject, and we are not at liberty to pursue the interesting speculation. The trial court held that plaintiff could not recover for a breach of the contract by appellant in refusing to permit plaintiff to superintend the work of construction because of the absence from the petition of allegations that plaintiff had vainly sought other employment (John C. Lewis Co. v. Scott, 95 Ky. 485, 26 S. W. 192, 16 Ky. Law Rep. 49, 44 Am. St. Rep. 251; Frazier v. Clark, 88 Ky. 266, 10 S. W. 806, 11 S. W. 83, 10 Ky. Law Rep. 786); but in that ruling the court erred against plaintiff. The contract here involved was of a character that could have been carried forward with other similar contracts, and plaintiff was entitled to the benefits of it, irrespective of whether he had or could procure other work. Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121; Hollerbach & May Contract Co. v. Wilkins, 130 Ky. 51, 112 S. W. 1126; R. Burleigh & Sons v. Overton, 173 Ky. 70, 190 S. W. 472. The case presented was one in which the jury was properly authorized by the instruction to find for plaintiff the full amount claimed in the petition, if warranted by the facts found. The ruling of the court was more favorable to appellant than the law justified, but only the appellee could complain of that. The jury was bound to observe the instructions given and under them was not allowed to compensate plaintiff for anything but the services actually performed. The amount

allowed, however, did not exceed the limits of the proof, as already explained. The court reduced the recovery to $800, to which plaintiff consented, and of which defendant is not in position to complain.

3. Finally it is urged that an offered instruction should have been given. It told the jury that it could allow only for services rendered by plaintiff between April 30, 1927, and May 15, following which were the dates specified in plaintiff's petition. The first instruction restricted the jury in compensating plaintiff to his services as an engineer in the way of consultation and advice rendered on or about May 1, 1927. We see no very material difference in that respect between the two instructions. As already noted, the court misconceived the extent of recovery to which the plaintiff was entitled, if his theory of the contract and of the conduct of appellant was sustained. It necessarily follows that the offered instruction did not embody a correct proposition, but the court gave the same thing in substance, which was more favorable to appellant than was warranted by the facts or the law.

We find no error in the record prejudicial to the substantial rights of the appellant.

The judgment is affirmed.