## Asher v. Metcalf, et al.

(Decided March 6, 1913.)

### Appeal from Bell Circuit Court.

1. Instructions.—An instruction not complained of in grounds for new trial cannot be complained of on appeal.

2. Instructions—Not Incumbent to Give Whole Law in Civil Case.—In a civil case it is not incumbent on the circuit judge to give the whole law of the case, and a judgment will not be reversed for an instruction that was not asked, which would not have effected the result.

3. New Trial—Evidence.—The fact that a new trial was granted in another action between third persons is not competent evidence.

T. L. EDELEN for appellant.

CHAS. I. DAWSON and HAZELRIGG & HAZELRIGG for appellees.

Opinion of the Court by Chief Justice Hobson—
Affirming.

A. J. Asher employed Metcalf and Jeffries as his attorneys in a number of law suits, agreeing to pay them a reasonable compensation for their services. Asher is a man doing a large business in Eastern Kentucky in mineral and timber lands and had considerable litigation growing out of his business. After they had represented Asher for something less than two years in various law suits, a difficulty ensued between Asher and Jeffries, and in consequence of this personal difficulty Metcalf and Jeffries notified Asher that they would not act as his attorneys any longer, and sent him a bill for their services up to that time, amounting to $1,792.35, less certain credits which had been paid. Asher declined to pay the bill, and this suit followed. On a hearing of the case before a jury there was a verdict for the plaintiffs for $1,200. The court entered judgment upon the verdict and Asher appeals.

The chief contention on the appeal is that the court by his instructions submitted to the jury the question whether Metcalf and Jeffries were justified in abandoning their employment. Asher by his answer which was made a counter-claim, alleged that they had abandoned the contract without right, and without his consent, and pleaded the damages he had thus sustained as a counter-claim. The answer was taken as controverted of record. It is insisted that no justification was pleaded and that the order taking the answer as controverted of record, made only a traverse, and that under a traverse proof of a justification is not admissible. But on the trial the evidence on the subject was admitted on both sides without objection, and there was in the grounds for new trial no complaint of the instruction of the court submitting the question to the jury. The case having been thus heard on the merits without objection in the circuit court, the question cannot be made for the first time in this court.

It is also insisted that the court did not by his instruction give the jury any criterion by which they were to determine the reasonableness or unreasonableness of the attorneys' charges, that is, that he failed to instruct the jury that a reasonable fee is such sum as is usually charged and paid in the locality for like services. Under the evidence we cannot see that this was prejudicial.

Both on the direct examination and on cross-examination the facts were stated as to what the attorneys had done, and they testified as to the reasonableness of their charges. No contrary evidence was offered by Asher as to the reasonableness of the charges except testimony, which was in the main directed to showing that the attorneys had done less work than they testified they had done, and practically no evidence was offered to show that the charges were more than was usually charged and paid for like services in the locality. It is not the duty of the circuit court in a civil case to give the jury the whole law of the case. No further instruction was asked by Asher defining more fully what is a reasonable attorney's fee; and, under the evidence, the instruction which is now suggested could not have had any decisive influence upon the result of the trial.

Asher and Jeffries had a personal difficulty because Asher claimed that Jeffries had failed to keep his word with him in this, that Jeffries had agreed to have a certain suit continued which he was prosecuting against Asher in the Leslie Circuit Court, and that after making this agreement with Asher, he had, in Asher's absence, had the case tried and obtained a judgment against him. Jeffries claimed that he had distinctly told Asher that he would not continue the case, but would try it at that term. Over this difference as to what had occurred between them they had the personal difficulty referred to. Asher offered to show on the trial that the Leslie Circuit Court had set aside the judgment which Jeffries had thus procured. The court refused to admit the evidence. Of this Asher complains and insists that the evidence would have tended strongly to support his theory of the quarrel between himself and Jeffries. But we do not see that the evidence would have showed this; for the Leslie Circuit Court may have granted the new trial on the ground that there was a misunderstanding between Asher and Jeffries, without being satisfied that there was any fault on the part of Jeffries in the matter, or the new trial may have been granted for other reasons. In fact, what the circuit court did in that case, or what the circuit judge thought in that case, is not evidence here. Who was right or wrong in that quarrel must be determined from the facts and not from the opinion of some third person.

Lastly, it is insisted that the verdict is so excessive as to indicate passion or prejudice on the part of the jury. But it will be observed that the jury allowed the

attorneys only $1,200, or about two-thirds of the amount they were claiming; and in view of all the facts we cannot say that their verdict is palpably against the evidence.

Judgment affirmed.