## Clifton Land Company v. Reister.

(Decided December 5, 1919.)

### Appeal from Harrison Circuit Court.

1. Trial—Trial of Common Law Action—Instructions.—A party is not compelled to tender instructions on the trial of a common law action, but having elected so to do he will not be heard to complain because the court grants his request and gives the tendered instructions.

2. Trial—Instructions.—Where a party offers an instruction upon a point of law which the court refuses to give because of some defect in form or substance, it is the duty of the court to give a proper instruction on that point.

3. Trial—Instructions.—A litigant having tendered an instruction which was given, cannot, after an adverse verdict, rely upon an exception reserved to the giving of instructions tendered by him.

4. Appeal and Error—Errors Available Upon Appeal.—No error committed during the trial is available upon appeal unless relied upon in the motion and grounds for a new trial, and this is true though an objection was made and exception taken to the ruling at the proper time. The error, if any, will be considered as having been waived unless included in the grounds for a new trial.

5. Specific Performance—Compelling Acceptance of Deed.—In a suit for specific performance, where the vendor agreed to convey a tract of land, including the eastern wall of a building on said property, the court will not compel the vendee to accept a deed where it is shown that only one-half of the wall is on the prop-

erty described, said wall being a party wall subject to an ease-
ment of the adjoining owner.

6.   Specific Performance—Compelling Acceptance of Deed.—In order-
ing a vendee to accept a deed to real estate which includes a por-
tion of a party wall built on the dividing line between the property
and the adjoining lot, the court properly submitted to a jury, in
an issue out of chancery, the question of damage, if any, sustained
by the vendee by reason of said easement, and the verdict of the
jury supported by proof and not being excessive will be sustained.

DANIEL DURBIN, W. S. CASON and W. H. LAIL for appel-
lant.

M. C. SWINFORD and T. E. KING for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

By the terms of a contract entered into April 1,
1915, between the parties to this appeal, appellant, the
Clifton Land Company (plaintiff below), for a recited
consideration agreed to convey to appellee what is
known as the R. H. Wills livery stable property, front-
ing 53 feet on Pike street, in the city of Cynthiana, Ky.
A deed of general warranty to be executed and delivered
to appellee May 1, 1915, upon which date the contract
provided for the payment of $125.00 in cash, and the ex-
ecution of a bond or note payable July 1, 1915, for the
balance of the purchase price.

Before May first appellee discovered that Joe Rigg,
owner of the adjoining lot on the east, had or claimed
an easement in part of the eastern wall of the property
embraced in the contract. He demanded of the land
company that it either relieve the wall of this easement
or make a reduction in the purchase price.

In a deed tendered appellee May 1, 1915, it was re-
cited that appellant did not warrant the title to the prop-
erty as against said easement. The frontage on Pike
street was given in this deed as fifty-three feet, two and
three-fourths inches.

Appellee having declined to accept the tendered deed,
the present suit was instituted to compel the specific
performance of the contract. The court upon demurrer
declined to compel an acceptance of the deed, because it
did not comply with the contract.

In a third amendment to the petition a deed con-
forming to the contract was tendered, there being no

reservation as to warranty, the frontage on Pike street was given as fifty-three feet. A demurrer to the petition as thus amended was overruled, subsequent pleadings were filed, proof taken and upon submission a judgment was rendered requiring appellee to accept the last deed, and pay the agreed consideration. Appellee in his answer set up a claim to damages of $1,623.35 in the event he should be compelled to accept the property with the alleged encumbrance.

The judgment provided that appellee might reserve and withhold the sum of $1,623.35 until the further order of court.

The issue as to damages having been completed, the case was transferred to the ordinary docket, and upon a trial by jury appellee was awarded damages in the sum of $800.00. From a judgment in conformity to said verdict this appeal has been taken.

It is appellant's contention that the wall is a party wall, and, therefore, whatever easements may exist in and upon it are mutual and subsisting easements which create no encumbrance which can support a claim for damages by either party.

Complaint is made of instruction No. 2, given by the court, in that it contained an incorrect definition of a party wall, but in making this argument counsel overlooks the fact that this instruction, as well as the five others given, were all tendered by appellant. No others were given by the court.

Either party may ask written instructions to the jury on points of law, Civil Code, secton 317. It is not compulsory but merely optional with a party whether he will request the giving of instructions, and when he elects to tender instructions he will not be heard to complain because the court grants his request. L. & N. R. R. Co. v. Woodford & Ireland, 152 Ky. 398, 153 S. W. 722; City of Paris v. Baldwin Bros., 169 Ky. 802, 185 S. W. 144.

Where a party offers an instruction upon a point of law, and which the court refuses to give because of some defect in form or substance, it is the duty of the court to prepare, or have prepared and give a proper instruction on that point. L. & N. R. R. Co. v. Harrod, 115 Ky. 877, 75 S. W. 233, but here the instruction was given as tendered and as to appellant the court did not err.

It is true the record contains an agreed order to the effect that appellant excepted to the instructions given, but this objection cannot avail the party reserving the exception—the positions are inconsistent—and after a verdict a party will not be allowed to say that though he tendered an instruction which he was not compelled to do, he saved an exception, and now when it is to his advantage to do so rely upon the exception.

The verdict was rendered June 14th, the motion for new trial was not filed until June 21. However, there is a notation that this date is not correctly stated and no point is made in the briefs that it was not filed in time. Conceding it was in time (Civil Code, sec. 342), it contains no reference to the instructions given—it does claim the court erred in refusing to give certain other tendered instructions, but nowhere sets up as a ground for new trial that the court erred in the giving of instructions.

No error committed during the trial is available upon appeal unless relied upon in the motion and grounds for a new trial, and this is true though an objection was made and exception taken to the ruling at the proper time. The error, if any, will be considered as waived unless included in the grounds for new trial. Hoskins' Admr. v. Brown, 27 R. 216, 84 S. W. 767; Asher Mills & Ele. Co. v. Rives, 141 Ky. 783, 133 S. W. 786; Asher v. Metcalfe, et al., 152 Ky. 632, 153 S. W. 987; Mann Bros. v. City of Henderson, 154 Ky. 154, 156 S. W. 1003; Nicholson v. Patrick, 160 Ky. 674, 170 S. W. 20; Ky. Live Stock Ins. Co. v. McWilliams, 173 Ky. 96, 190 S. W. 697.

The contract of April 1, 1915, contains the following description:

"Said property fronts on Pike street 53 feet and extends north to the line of the Baptist church property, a distance of 154 feet; thence east with the line of the Baptist church property about 147 feet to the west line of a 16-foot strip of land west of Clarence LeBus' warehouse; thence south on a line between the property of Mrs. Josephus McMurtry, and the lot known as the Mullen lot, if extended north, for a distance of 50 feet; thence west about 96 or 97 feet *to the east side of the brick livery stable;* thence south to Pike street."

In the deed tendered with the original petition, the lines are reversed in the description, the first part of which is:

"Beginning at the intersection of Pike and Walnut streets, and southwest corner of the property hereby conveyed; thence in an eastern direction with Pike street fifty-three feet and two and three-fourth inches *to the east side of the wall;* thence in a northerly direction *with the east side of said wall* one hundred and four feet to a stake."

It will thus be seen that in both the contract and the deed appellant agreed and undertook to convey the livery stable property fronting 53 feet on Pike street *including* the wall on the eastern side of the property, because in both descriptions the lines run with the east or outside wall of the livery stable. To sustain appellant's theory the line should have been described as running with the center of the eastern wall of said building.

In the corrected deed tendered with the third amended petition the description is practically a literal copy of that contained in the contract, the eastern line running with the east or outside wall of the livery stable. It is clear from the contract and both deeds that the grantor intended and endeavored to convey and the grantee expected to receive the property, including the entire eastern wall, with no thought or suggestion of an easement in the minds of either party.

According to the evidence the wall, thirteen inches in width, is built on the dividing line between the property embraced in the contract and that of the adjoining lot owner, hence the appellee did not receive the property for which he contracted, as only one-half of the eastern wall is located on the property described, and furthermore it is burdened with an easement in favor of the adjoining owner. Appellee was compelled to erect a number of columns and build a retaining wall to support the third story of his new building, the wall, subject to the easement of Rigg, not being of sufficient strength to carry this third story. The columns and retaining wall cost more than the amount allowed by the jury. The presence of the columns and the retaining wall not only detract from the appearance of the basement but deprive appellee of the use of this space, which

otherwise could have been used for shelving or other purposes.

Appellant was not entitled to the specific performance of the contract; it did not execute or tender a deed conforming to the contract of sale; on the other hand, appellee was willing and anxious to take the property according to the terms of the contract or subject to a reduction in the purchase price by reason of the easement. Thus there was presented to the chancellor a question purely of equitable cognizance. Specific performance of a contract of sale of real estate does not go as a matter of course, but is withheld or granted according as equity and justice seem to demand under the facts and circumstances in the case. In ordering appellee to take the property and pay the purchase price subject to the temporary retention of an amount sufficient to cover the question of damages, the court's decree was eminently fair and equitable. Appellant being unable to comply with its contract, and appellee having been damaged through such failure was justly entitled to damages or a reduction in the purchase price. The amount found by the jury is supported by the proof, is not excessive and finding no reason to reverse the judgment it is accordingly affirmed.