## Lewis v. Durham, et al.

(Decided November 7, 1924.)

### Appeal from Green Circuit Court.

1. Subscriptions—That Written Instrument Filed as Exhibit was Not Subscription Immaterial, where Oral Subscription Relied on.—That written instrument filed as exhibit with petition is not a subscription is immaterial, where action is based on oral subscription; writing being merely incidental to, and evidential of, the making of the oral subscription.

2. Subscriptions—One Making Oral Subscription Bound, though Person Authorized to Sign Name Failed to Execute Authorization in Legal Manner.—One making oral subscription and authorizing another to sign his name to subscription paper was bound, though authorized person failed to execute authorization in legal or binding manner.

3. Pleading—Defense that Defendant did Not Subscribe, and that he Subscribed Only Conditionally, Inconsistent.—Answer denying that defendant made subscription, and pleading affirmatively that all subscriptions made at meeting were conditional, set up inconsistent defenses contrary to Civil Code of Practice, section 113, subsection 4.

4. Pleading—Inconsistent Defenses Waived by Failure to Move to Require Election.—Plaintiffs waived objection that defenses in answer were inconsistent, contrary to Civil Code of Practice, section 113, subsection 4, by failing to file motion requiring defendant to elect, in view of sections 85, 86, and cannot raise it on appeal.

5. Subscriptions—Oral Subscription Enforceable.—An oral subscription to raise funds to purchase land and erect school building is binding and enforceable.

6. Subscriptions—Whether Defendant Orally Subscribed to School Fund Held for Jury.—Whether defendant orally subscribed to school fund held for jury.

7. Schools and School Districts—Two Trustees of School District could Not Bind it Without Authority at Regular Meeting.—Two

trustees of graded school district board had no authority to bind board, by agreeing to stipulations and conditions under which subscriptions to school fund were made, since, under Ky. Stats., section 4469, district can only speak through its officers or agents, duly authorized to represent it at regular meeting of board.

NOGGLE & GRAHAM for appellant.

JEFF HENRY for appellees.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

Appellees, as trustees and secretary of the Greensburg graded common school district of Greensburg, Kentucky, instituted this action against the appellant, Woodson Lewis, to recover the sum of $500.00, which they alleged he had subscribed to the school district at a mass meeting held in the fall of 1920 for the purpose of raising funds with which to purchase land and erect a school building in that district. From a judgment entered upon a jury's verdict awarding appellees the full amount sued for, appellant has appealed.

It is first insisted that appellant's demurrer to the petition should have been sustained on the ground that the written instrument filed as an exhibit with the petition is not and can not be construed as a subscription. Whether it is a subscription or not is wholly immaterial, since the action is based upon an oral subscription and not upon the writing filed with the petition, which was merely incidental to and evidential of the making of the oral subscription. The petition alleges that the appellant "duly gave a subscription of $500.00 for the purpose aforesaid; that said Woodson Lewis then and there empowered and authorized one L. M. Vance to place his name to a subscription paper as giving and subscribing the sum of $500.00, as aforesaid; that said Vance did then and there subscribe for said Woodson Lewis the said sum of $500.00. A copy of said paper will in due time be filed herewith and made a part hereof marked 'X.' "

The petition thus specifically charges that appellant made the subscription and then and there authorized one L. M. Vance to sign his name to a subscription paper. The force and effect of that allegation are in nowise changed or diminished by the fact that Vance failed to execute the authorization in a legal or binding manner, since an oral subscription is a valid and enforceable contract. 25 R. C. L. 1397. It is apparent, therefore, that

the court did not err in overruling the demurrer to the petition.

In his answer appellant first denied that he made a subscription or authorized any one to sign his name, as alleged in the petition. In addition to this specific denial he affirmatively pleaded that all subscriptions made at the mass meeting, where .the petition alleges he subscribed, were void and of no effect, because of the violation by appellees of certain stipulations and conditions which "entered into and became a part of the subscription contract and agreement under and by which the subscriptions were subscribed by the persons subscribing to the same."

Appellees argue that the two defenses thus adroitly presented, *i. e.*, that appellant did not subscribe and that he did subscribe, but conditionally, are inconsistent and contrary to the provisions of section 113, subsection 4 of the Civil Code. With this contention we fully agree, and in numerous decisions we have uniformly so construed similar pleas. Brashears v. Combs, 174 Ky. 344; Fletcher, et al. v. Nichols, et al., 157 Ky. 23; Oldham v. Mt. Sterling Improvement Co., 20 R. 207; Black v. Holloway, et al., 19 R. 694. Appellees, however, failed to file a motion to require the appellant to elect which of the inconsistent defenses he would rely upon, and thereby waived the objection and cannot now raise it upon this appeal. Civil Code, sections 85 and 86; Hunt v. Garvin, et al., 190 Ky. 472; L. & N. R. R. Co. v. Kimbrough, 115 Ky. 512.

The answer as drawn presents two issues of fact, which are: (1) Did the appellant subscribe, and (2) if so, did he subscribe conditionally? A consideration of these questions necessitates a review of the evidence.

In the fall of 1920 a mass meeting was held in the Presbyterian church in Greensburg for the purpose of creating interest, arousing public sentiment and securing funds for the erection of the new graded common school in that school district. At the request of two of the school trustees appellant consented to preside at the meeting, deliver the chief address and open the drive for funds. L. M. Vance acted as secretary, and it is overwhelmingly proven and not seriously denied that it was his duty to and he did write down the names of the subscribers and the amount of their subscriptions as they called them out to him. According to all of the evidence appellant made a most eloquent appeal in which he reminded his hearers of the many times they had gone over the top in Liberty

Loan and other drives, and of the fact that they had never failed in a worthy cause, and he urged them to again go over the top and subscribe the full amount needed to acquire the very best school house that could be obtained for the children of that district. There is an irreconciliable conflict in the testimony as to what he said with reference to the amount of money to be raised and how and under what circumstances it was to be expended.

There is also a conflict in the evidence as to whether or not appellant himself subscribed at the mass meeting when he was urging and persuading others to do so. As to this, it is sufficient to say that, while appellant and some two or three witnesses testified that he did not subscribe, the appellees introduced nine witnesses who swore unequivocally that he then and there orally subscribed the sum of $500.00, and this testimony is strengthened and supported by the surrounding circumstances. Since an oral subscription is an enforceable and binding contract, the issue of fact thus raised was properly submitted to the jury for its determination.

But appellant, although flatly denying that he made a subscription at all, insists that whatever subscription he may have made was conditioned upon appellees' performance of certain specified stipulations and conditions precedent, which he claims to have set out under proper authorization in his speech at the mass meeting and which he says were not fulfilled. It is therefore contended that the court erred in refusing and failing to submit this issue to the jury. Even if it be conceded that the answer properly presented this defense, and that there is evidence showing that such conditions were definitely stated and relied on, we are, nevertheless, of the opinion that appellees are in nowise responsible for or bound by any representations appellant may have made, and that they do not present a valid defense to appellees' cause of action whether complied with or not.

Appellant testified that upon the authority of the two trustees who requested him to make the speech, he then and there stated in a general way the minimum amount of money to be raised, the kind of building to be erected, and the method under which the contract therefor was to be let and performed, and he solicited and secured the subscriptions upon the promise that these conditions would be complied with. It is manifest from the record that the statements with reference to these facts or details were vague, indefinite, and largely, if not wholly, mere expres-

sions of opinion and were not intended to be relied upon as statements of fact. But whether they were or not, in nowise affects appellant's liability, since he himself made the statements and made them solely upon the suggestion of the two trustees who requested him to preside over the mass meeting. These trustees were merely members of the board, and had no implied authority as such to speak for or represent it, and unless legally authorized to do so they could not act for it. Their action was not the action of the board of trustees, and since it is not claimed that the board itself authorized or agreed to the alleged stipulations and conditions, its rights under the subscription made by appellant to it cannot be affected or set aside by the individual action of two of its members. Graded common school districts are incorporated by section 4469 of the Kentucky Statutes. As a corporation it can speak only through its officers or agents duly authorized to represent it at a regular meeting of the board. Main Street Tobacco Warehouse Co. v. Bain Moore Tobacco Co., 198 Ky. 777; Citizens' Development Company v. Kypawva Oil Co., 191 Ky. 183; Caddy Oil Company v. Sommer, et al., 186 Ky. 843.

The board is required by statute to keep a record of its proceedings, and those records are open to the public, and, of course, to appellant; he could readily have ascertained whether or not the board had legally or officially authorized any statements or adopted any plans with reference to securing funds or erecting a school. Under all the circumstances, we seriously doubt whether appellant, an experienced school trustee, subscribed conditionally to the school district; but whether he did or not, those conditions were in nowise a part of his subscription contract with appellees, and their nonfulfillment does not constitute a valid defense to this action. It follows, therefore, that the court properly refused to submit this issue to the jury.

The court in substance instructed the jury to find for the appellees if it believed appellant had made the subscription referred to in the evidence, and if they did not so believe, to find for the appellant. This was the only issue submitted, and it was the only issue that should have been submitted.

The jury by its verdict for the appellees found that appellant did make the subscription, and, that being the only issue to be determined and there being no prejudicial error in the record, the judgment is affirmed.