## Davis v. Pendennis Club.

(Decided June 18, 1929.)

466

WOODWARD, WARFIELD & HOBSON for appellant.

GORDON & LAURENT for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming in part and reversing in part.

Brinton B. Davis, an architect, sued the Pendennis Club to recover compensation for services rendered. Since several rulings of the circuit court regulating the admission of evidence and respecting the instructions to the jury are assailed, an understanding of the specific issues made by the pleadings is necessary.

Davis alleged in the first paragraph of his petition that he had prepared, under employment by the defendant, plans and working drawings for a nine-story clubhouse, which work was reasonably worth $21,042; and that he had likewise prepared for the club, under its employment, preliminary plans for an eight-story addition to its old clubhouse, which work was reasonably worth $4,973; but the claims were subject to a credit of $4,973, which sum the defendant had paid. In a second paragraph of the petition plaintiff alleged that he had been employed by defendant to prepare, and had prepared plans, specifications, and drawings for a two-story addition to the old clubhouse, which work was reasonably worth $6,690. He sought judgment for the aggregate of these three items subject to the credit. The original answer filed by the defendant denied that it employed plaintiff to prepare, or that he had prepared, for it work

ing drawings for a nine-story building, or preliminary plans for an eight-story building, or that the services rendered by him in his employment were worth the amount claimed in his petition, or any amount. The answer also denied that the reasonable value of the services of plaintiff in preparing plans, specifications, or drawings for the two-story addition was the amount alleged by plaintiff, or any amount at all. In a second paragraph of its answer the defendant pleaded that on June 15, 1923, it had paid plaintiff $4,973 in full settlement, satisfaction, and discharge of his claims for all services rendered and to be rendered by him as an architect for it, and it relied upon that one payment as a bar to all the items claimed in the action. The affirmative matter of the answer was by consent traversed of record. At the trial an amended answer was filed by defendant setting up that it employed the plaintiff to prepare two sets of outlined plans, one covering a new clubhouse and the other to cover an addition to the existing clubhouse, and that no agreement was made respecting compensation, which was to be ascertained by agreement after the services should have been rendered. After the rendition of the services plaintiff presented to defendant a bill for $4,973 which was paid. The amended answer stated that in presenting this bill for services plaintiff agreed that if defendant would pay him the amount then requested, and he should thereafter be employed to perform any further services with reference to drawing plans for a clubhouse for defendant, he would credit any bill he should render for any such additional services with the amount of $4,973, which proposition defendant accepted, and pursuant thereto paid plaintiff $4,973 because of his agreement to credit said amount on any future service he might be called upon to render. This latter agreement was pleaded in settlement of the claim of $6,690 for services subsequently rendered. The defendant withdrew the second paragraph of its original answer, which, as already noted, pleaded the payment made by it as a settlement for all services rendered and to be rendered by plaintiff. No reply was filed, but the affirmative matter of the amended answer was traversed of record. It will be noted that the issues thus raised were confined, first, to the extent and the value of service rendered by plaintiff under the authority of defendant, and, second, to the character and effect of the settlement made. The jury returned a verdict for the defendant.. The plaintiff requested, and was refused,

a new trial, resulting in this appeal by him. The right to a reversal of the judgment is rested upon four grounds, which will be discussed and disposed of as the opinion proceeds.

1. It is first insisted that the court erred in permitting the jury, while deliberating on the case, to take to its rooms a letter written by the plaintiff to the defendant. The bill of exceptions shows that the jury asked for the letter of June 5, 1923, which had been introduced in evidence, and at the same time asked for the amended answer filed by the defendant, and both documents were delivered to the jury by the court over the objections of both parties. It is obvious from the request of the jury that the letter and defendant's amended answer were desired for examination together in connection with the claim for services rendered subsequent to the alleged settlement. The amended answer alleged, as we have seen, that plaintiff agreed that if defendant would pay him the amount specified in his bill, and he should thereafter be employed to perform further service with reference to drawing plans for a clubhouse for defendant, he would credit any bill he should render for such additional services with the amount of the payment. By reason of the agreement defendant asked credit for the sum of $4,973, the amount of the payment, on the bill of $6,690 for services rendered subsequent to the date of the payment. There was a denial that the services subsequently rendered were worth anything, and, in any event, it was contended by defendant that the credit of the $4,973 payment would extinguish any amount properly due therefor, although the plaintiff claimed a greater sum. The letter of plaintiff, accompanying his bill, stated: "That if the membership should decide at some future time to reopen the matter, I will be glad to credit the above amount in further service to be rendered, provided the club so desires." The statement was made at the conclusion of the letter, and after a recitation of the services theretofore rendered showing that plaintiff considered those services worth a sum in excess of $26,000, and that he was not only accepting $4,973 for all such services, but proposing to give the club the benefit even of that payment in future services to be rendered by him. It is probable that the jury construed the letter to sustain the defense alleged in the amended answer, and because of that belief, coupled with a conclusion that the services last rendered were reasonably worth no more than the amount

to be credited, found a verdict for the defendant as to that item of his claim. The error in that matter was committed by the court in its construction of the pleading and its conception of the evidence. That question should not have been left to the jury, as we shall see when we come to consider the allegations and proof respecting the service subsequent to the settlement. We find nothing in the letter, however, that could prejudice plaintiff in respect to his claims for the $21,042 and the $4,973. On the contrary, he wrote the letter for the very purpose of exhibiting the extent of his labors and the meritorious character of his claim. The letter is not lacking in forcible argument in favor of plaintiff's claims. We have recently reviewed the requirements of the Civil Code (section 321) and the relevant cases bearing upon the duty of the court respecting documents desired by the jury. Arnold & Son T. & S. Co. v. Weisiger, 224 Ky. 650, 666, 6 S. W. (2d) 1084. It will be seen that the prevailing rule allows the trial court a reasonable discretion in such matters, which will not be revised in the absence of a showing that the discretion has been abused. Although it may appear that the court erroneously permitted the jury to have in its room papers not properly to be used by it in that way, it will not constitute reversible error unless the rights of a party have been so prejudiced as to call for a correction by us. We find no room for any claim of prejudice respecting appellant's right to recover for services rendered prior to the settlement of June 15, 1923, and our conclusion regarding the defenses to the other item of his claim renders it unnecessary to consider any prejudicial effect upon the jury of the letter and the pleading respecting that particular claim.

2. The next insistence is that the verdict is not sustained by the evidence. It is said that the evidence shows that there was an admitted indebtedness of more than the amount paid, and that the release by a claimant of a portion of his claim exceeding the amount of the payment is not supported by any consideration when the amount paid is less than the sum admitted to be due. Wells v. Thomas, 210 Ky. 785, 276 S. W. 840; Northwestern Mutual Life Ins. Co. v. Hanger, 200 Ky. 118, 254 S. W. 326; Cunningham v. Standard Const. Co., 134 Ky. 198, 119 S. W. 765; Western & Sou. Life Ins. Co. v. Quinn, 130 Ky. 397, 113 S. W. 456; Louisville, N. A. & C. R. R. Co. v. Helm & Bruce, 109 Ky. 388, 59 S. W. 323, 22 Ky.

Law Rep., 964; Sanders v. Standard Wheel Co., 151 Ky. 257, 151 S. W. 674.

It is not necessary for us to note the distinctions that differentiate those cases, or to determine the applicable rule where the facts call for a choice. Whether applied liberally, as in some of them, or strictly, as in others, the principle has no application to this case for the reason that defendant denied the alleged value of the services, or that they were worth anything at all. The value of the services, even in the absence of the settlement, was a matter in issue. There was no admission by the defendant that it owed even as much as it paid, and it distinctly claimed that the payment it made was not a recognition of the claims of plaintiff, but that the payment was made in settlement of all three claims. The plaintiff did not plead that the settlement was without consideration (Allnutt v. Allnutt's Ex. [Ky.] 127 S. W. 986), but denied that the settlement, as alleged, was made. It follows as a necessary consequence that the cases cited have no application, because this case does not present a situation where an amount admittedly due was paid, coupled with a stipulation that an independent claim, or a claim in excess of the amount admitted to be due, should be released. There was evidence sufficient to require the submission of the issue of settlement to the jury and to sustain its verdict to the effect that the settlement extinguished both claims for work theretofore done.

3. Appellant complains of the rejection of testimony offered by him. The first objection is based upon the ruling of the court to the effect that the directors and officers of the club were limited by the resolution of the members to the effect that outlined plans should be prepared, one to provide for a new building, and the other for improvements similar to those contemplated by an older plan. The limitation placed by the court upon plaintiff's explanation or contradiction of his letter of June 5, 1923, is also the subject of criticism. The complaint of the rulings of the trial court are, in some instances, well founded; but, taking the evidence as a whole, the plaintiff proved substantially all the work he did, and that it was worth the amount claimed for it. It is clear that the jury turned its verdict upon the settlement with plaintiff, and not on any lack of service by him, or upon any failure of proof of its value. The court, with entire propriety, might have permitted the plaintiff to

show what he, in connection with the officers, directors, and building committee, had done under the employment instead of regulating the proof as he did. Whilst plaintiff could not recover for any work not authorized by the club, yet the authority conferred was in terms very general, and the construction of it by the parties was not unreasonable. The board of directors and officers were business men of high standing, and it is not to be supposed that they caused anything to be done by the architect that was not necessary to execute the order of the members, or that the jury could have made its verdict on any such assumption. But notwithstanding the restrictions in the ruling of the court, the plaintiff was permitted to prove all the work for which he claimed compensation, as shown in his letter, and, in view of the apparent finding of the jury that the settlement was in full and not partial, we are not convinced that there was any prejudicial error in the rulings complaintd of by appellant.

The court refused to allow plaintiff to testify fully concerning a conversation with the president of the club respecting the proposed settlement. It was substantially proven by the plaintiff, and clearly proven by President Long, that he suggested that the smaller of the two bills be rendered, and if Mr. Davis was not continued as architect for the new clubhouse, he could then render bill for the balance claimed by him. The conversation was apparently some time before June 5, 1923, when the bill was rendered and the letter dated. The letter which accompanied the bill rendered made definite explanation to the directors that the bill was much less than really had been earned by the architect. In fact, the letter plainly stated that the plaintiff was entitled to $21,042 for work on plans for the new structure alone, and that he was entitled to $4,973 for the work in preparing plans for the addition. Mr. Davis referred to the time devoted to the work of the club, the numerous conferences held, and the large expense he had incurred; yet he made it plain that he considered the whole matter beneficial to him and that the congenial contacts had in a measure repaid him. He definitely proposed that they should pay only the smaller amount mentioned in his letter, and stated that if the matter was reopened, which must have meant the matter of a new clubhouse or substantially a new clubhouse, and he was employed as the architect, he would credit the payment then to be made on his ultimate bill. It is argued that the plaintiff was entitled to show that this bill was

submitted on condition that he be retained as architect, but there was no pleading that the settlement was made on such or any condition. The original petition had pleaded in effect that the smaller bill was presented with the understanding that plaintiff be continued as architect for the new clubhouse, but that portion of the pleading was withdrawn, by an amended petition. It was open to plaintiff, to avoid the defense (Civil Code, sec. 113, subsec. 4; Lewis v. Durham, 205 Ky. 403, 265 S. W. 934) by a denial, or by averment that it was conditional. But under a denial he was not at liberty to prove that it was a conditional arrangement. Affirmative avoidance of defenses must be pleaded. Pemberton v. Price & Teeple Co., 144 Ky. 521, 139 S. W. 742; Payton v. Woolen Mills Co., 122 Ky. 361, 91 S. W. 719, 28 Ky. Law Rep. 1303; Lewis v. Durham, 205 Ky. 403, 265 S. W. 934. It follows that the plaintiff is not in a position to complain of a refusal to permit him to prove that the settlement was made on condition that he be retained as architect for the new building. A mere denial of a settlement is insufficient to let in proof that the settlement was made on a condition. Plaintiff clearly stated that he considered the letter entirely consistent with his position at the trial. The only point on which the letter could be misconstrued, as we read it, was with respect to the bill for subsequent services. As to services already rendered, we think it perfectly plain that the plaintiff was willing to accept a partial payment in full settlement with the hope, and in the expectation, that he would be retained as architect. His proposition was that if he was so retained and earned compensation in constructing a new clubhouse, he would relieve the club, in so far as he was concerned, of all the expense incurred in futile efforts theretofore to make the improvements. This was obviously done to bring about his further employment. Whilst the court may have been unduly rigid in limiting the scope of the testimony, plaintiff's counsel was nevertheless able to get before the jury all the essential facts affecting the issues presented by the pleadings.

It is quite true that a written document introduced in evidence is susceptible to explanation or contradiction. Martin v. Ferguson, 104 S. W. 698, 31 Ky. Law Rep. 1095; Puff v. Puff, 139 Ky. 351, 104 S. W. 332, 31 Ky. Law Rep. 939; Whiteside v. Murphy, 174 Ky. 583, 192 S. W. 632. But such explanation as the writing required on the issues made was permitted. Mr. Long testified

positively that the settlement was a partial one and that was the real position of the plaintiff. The board of directors, on the other hand, insisted that they had made no arrangement with the president to settle the bill, and that any conversation between the plaintiff and the president was not binding on the corporation. If the president of the corporation had been directed or assumed to make a settlement with plaintiff and had concluded the settlement and it was ratified and accepted by the corporation, it would be binding in all of its particulars, as a corporation may not accept the acts of an agent in part and reject in part. It must be accepted or rejected as a whole, if the agent exceedes his authority. Atkinson v. Howlett, 11 Ky. Law Rep. 364; Lexington City Nat. Bank v. Rutherford, 12 Ky. Law Rep. 632; White plains Coal Co. v. Teague, 163 Ky. 110, 173 S. W. 360; Caddy Oil Co. v. Sommer, 186 Ky. 834, 218 S. W. 288.

But in this instance no settlement was made or attempted by the president. The conversation between him and the plaintiff was looking to the ultimate benefit of both the club and the plaintiff. When plaintiff came to collect his bill, he mailed the bill to the club to be submitted to the board of directors. Whilst the letter is addressed to Mr. Long, it is expressly so done in his official capacity and intended, not as a letter to him, but as a letter to the club. This is shown not only by the manner in which the letter was addressed, but by the matter contained in the letter, which was already known to Mr. Long, and was designed to be communicated to the directors. The letter was submitted to the directors along with the plaintiff's bill, and it was discussed, but no settlement was then made. After adjournment of the board of directors, the president talked to them individually, and it was thought best to pay the bill, and pursuant thereto the president did pay the bill by delivering the company's check to the plaintiff. Thereafter the board of directors acting officially formally ratified the action taken unofficially. It will thus be seen that the transaction does not come within the principle of the cases applicable when a corporation acts in accepting or rejecting the unauthorized acts of an agent. The board of directors acted upon the information before it, which consisted of the bill of plaintiff and his letter accompanying it, and such information as the board had of the work done in addition to what was mentioned in the letter. The company, acting by its board of direct-

ors, is not bound by matters of which it had no knowledge. Kenyon Realty Co. v. National Deposit Bank, 140 Ky. 133, 130 S. W. 965, 31 L. R. A. (N. S.) 169. Lebus v. Stansifer, 154 Ky. 444, 157 S. W. 727. As already stated, this was not a case where an agent purported to make a settlement on terms or conditions not communicated to the principal. The settlement was directly made by the board of directors on the information then before it, and in such situation it was for the jury to say whether the settlement was in full, as claimed by the corporation, or only partial, as claimed by the plaintiff. Cf. Short v. Metz Co., 165 Ky. 320, 176 S. W. 1144. In view of the issues presented by the pleadings, it is plain that no prejudicial error may be predicated on the ruling of the court respecting the exclusion of evidence.

4. It is next insisted that the instructions given by the court are erroneous, and that the court should have given the instructions offered by the defendant. In the first instruction the court told the jury to find for the plaintiff the reasonable value of his services in preparing the outlined plans, unless they should believe from the evidence as set forth in instruction No. 4. The instruction then submitted to the jury that if plaintiff was employed to prepare, or prepared, working drawings, or if the preparation of such drawings was ratified or accepted by the board of directors, then the jury should find for the plaintiff the reasonable value of such work, unless they found for defendant under instruction No. 4. By instruction No. 2 the court told the jury to find for the plaintiff the reasonable value of his services in preparing outlined plans for the eight-story addition to the present building, unless they found for the defendant under instruction No. 4. By instruction No. 3 the court told the jury to find for the plaintiff the reasonable value of his services in preparing preliminary plans, working drawings, and specifications for the kitchen improvements and serving facilities, unless they found for the defendant under instruction No. 4. The instruction also authorized the jury to credit any sum allowed under it with the sum of $4,973, if the jury believed as advised in instruction No. 4. By instruction No. 4, upon which recovery under the other three instructions was made to depend, the jury was told to find for the defendant if they believed from the evidence that the settlement of June 15, 1923, was in full for services rendered up to that time. As respects the subsequent services, the jury was told to find for the

defendant if it was agreed that the payment should be applied as a credit on any future services rendered by the plaintiff to the defendant. Instruction No. 5 restated the measure of recovery as the reasonable value of the services rendered under each item. In this instruction the jury were also told to find for the defendant unless the fair and reasonable value of the services rendered under instruction No. 3 did not exceed the sum of the payment made June 15, 1923, but if it did so exceed the payment, then the jury should find for plaintiff the excess. The instructions offered by the plaintiff presented his theory of the case, but for the reasons we have already mentioned plaintiff was not entitled to have the jury instructed on any conditional nature of the settlement. He was only entitled to have the judgment of the jury on the facts whether the settlement was in full or in part extinguishment of the claims. Plaintiff also asked to have reasonable value defined, which might well have been done, but its refusal does not appear to be prejudicial error. A jury understands what is the reasonable value of personal or professional services. Morehead v. Anderson, 125 Ky. 77, 100 S. W. 340, 30 Ky. Law Rep. 1137; Petry v. Nelson, 144 Ky. 1, 137 S. W. 783; Crescent Hill Presbyterian Church v. McDonald & Dodd, 144 Ky. 655, 139 S. W. 849; Ducker v. Nelson, 43 S. W. 210, 19 Ky. Law Rep. 1186; Adams Express Co. v. James, 164 Ky. 484, 175 S. W. 1012; Lipscomb v. Castleman, 147 Ky. 741, 145 S. W. 753. In view of the fact, however, that the value of the professional services of an architect was the subject of much proof in this record, and doubt could arise as to the standard to be applied, the court might properly give an instruction such as that offered by the appellant, defining the legal criterion. Asher v. Metcalf, 152 Ky. 632, 153 S. W. 987.

It will be seen that the court permitted the jury to find for the defendant as to the services rendered subsequent to June 15, 1923, on account of the payment made on that date, if the reasonable value thereof did not exceed the payment. The subject-matter of the contract between the parties was a new nine-story building, or an eight-story addition to the old building. The only evidence upon the subject of the settlement including subsequent work is that Capt. Davis proposed in his letter that, if the settlement was made as requested by him and the matter was later reopened and he was continued as architect, the payment might be credited on subsequent

services. The matter to be reopened was necessarily one of the alternative subjects, that is, the erection of a new building, or substantially the same thing in the improvement of the old building. It is plain that Mr. Davis contemplated the extent of the services to be required, and if permitted to do that work, he would credit the payment on his fees for it. The letter is not fairly susceptible to the construction that he meant to credit that substantial payment on any sort of work subsequently done by him. The club had no basis for such understanding. There is no testimony to that effect. It is altogether improbable. Even the pleader, after the trial started, characterized the proposition as referring to drawing plans for a clubhouse for defendant. The matters mentioned were not reopened. Neither the pleadings nor the evidence warranted the court in submitting any question respecting that particular matter to the jury. The court should have told the jury, as in instruction No. 3, to find for the plaintiff the reasonable value of his services in the matters subsequent to the settlement, without reference to the previous payment.

It is argued for appellee that the plans subsequently made were not prepared in accordance with the instructions and were not used by the club, and therefore that no liability was incurred. The answer admitted the employment and the performance of the work, but denied the value thereof. The amended answer pleaded that the settlement covered it, but the evidence was insufficient to take the case to the jury in that respect.

The sole issue to be submitted on this branch of the case was the reasonable value of the work done by plaintiff. It was so made by the admission of the pleading when the effect of the settlement is eliminated. The fact that the plans were not used by the defendant is wholly immaterial. Evidence touching upon that matter should not have been allowed. The work was done under the admitted employment, and the duty to pay for it was not affected by any subsequent use or failure to use the plans. What the building committee did under the authority given bound the defendant, and it could not escape liability on the ground that the work later proved to be without value or useless to it. The club presented no such issue by its pleadings.

It results that the court committed no error in disposing of two items of plaintiff's claim, but erroneously authorized and allowed rejection of the other. Where, in

actions upon contracts, embracing distinct claims, determined by the circuit court, this court, upon appeal, finds error only as to a single claim, the rule is to affirm the portions of the judgment unaffected by prejudicial error, and reverse the portion that resulted from the erroneous rulings. Totten v. Cooke, 2 Metc. 275. The judgment will be affirmed as to the claims for $21,042 and $4,973, and reversed for a new trial as to the claim for $6,690.

Judgment reversed in part and affirmed in part, for proceedings in conformity to this opinion.